Millner *v.* The State. .

CAPTAIN MILLNER *v.* THE STATE.

CRIMINAL LAW. *Larceny.* An indictment is sufficient, which, in the usual form of an indictment for larceny, charges the defendant with stealing " one railroad ticket from Knoxville, Tennessee, to Washington, D. C., of the value of seventeen dollars," the property of the prosecutor.

FROM KNOX.

Appeal from the Criminal Court of Knox county. M. L. HALL, J.

S. G. HEISKELL for Millner.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Millner was indicted and convicted of stealing "one railroad ticket from Knoxville, Tennessee, to Washington, D. C., of the value of seventeen dollars." The trial judge charged that a railroad ticket as such was personal property, and the subject of larceny. The prisoner, after conviction, moved in arrest of judgment upon the following grounds: That a railroad ticket is not the subject of larceny at common law, that the description of the ticket stolen in the indictment is not sufficient, and that the indictment is not drawn under the Code, section 4693, there being no statute in this State making the stealing of a railroad ticket, as such, larceny. Error is assigned on the charge, and in the failure of the trial court to arrest the judgment.

By the Code, section 4693, it is made a penitentiary offense to feloniously steal, among other things,. "any instrument or writing whereby any demand right or obligation is created, ascertained, increased, extinguished or diminished, or any other valuable writing." It is conceded that the stealing of a railroad ticket would be indictable under this section, but the contention is that the indictment in this case falls short of the requirements of the law.

. At common law larceny could not be committed by taking and carrying away a mere evidence of debt, even if it were a bank note passing as money, the reason being that the taker would not thereby get either the money due, or the right to receive it. This exception has been abrogated everywhere by statute, and in this State by the provision of the Code cited. Any instrument or writing, therefore, of value falling within the statute would be the subject of larceny. An indictment in the common law form for larceny, sufficiently describing the instrument or writing, would be good, as provided by the Code, section 5119. Or the indictment will be good if it contain a statement of facts constituting the offense in ordinary and concise language, without prolixity or repetition, even where the common law prescribes particular and technical language to describe the offense: Code, secs. 5114, 5120; *State* v. *Swafford,* 3 Lea, 162; *Wedge* v. *State,* 7 Lea, 687. Accordingly, an indictment for stealing "ten five dollar bank bills," without more, has been held sufficient: *Ryland* v. *State,* 4 Sneed, 357; *State* v. *Hall,* 2 Leg. Rep., 105. It was said

at an early day in this State that a degree of pre-cision in the description of an offense cannot be given in an indictment so as to distinguish it *per se* from all other cases of a similar nature. Such a discrimination amounting to identification must rest in averment, and its absence in description can be no test of the certainty required, either for defense against the present, or protection against a future prosecution: *State* v. *Pearce*, Peck, 66. It was accordingly held in that case, under a statute for maliciously killing beasts, that the indictment was good which described the animal killed, as "one horse beast of the value," etc. The language of the indictment, under our statute, need only be "the ordinary language to express the fact intended": Per Freeman, J., in *State* v. *Hall*, 2 Leg. Rep., 105. And consequently an indictment was sustained in that case which charged the defendant with stealing "one five dollar and ten five dollar bills," these words fairly implying bills of these denominations passing current as money. So a charge of stealing two hams, etc., has been held good: *Taylor* v. *State*, 3 Heis., 460. And in counterfeiting, describing the coin by its denomination is sufficient: *Peck* v. *State*, 2 Hum., 78.

A railroad ticket, which authorizes the holder to travel, without other charge therefor, on the trains of a railroad company, or a series of railroad companies connected with each other, between distant points, is undoubtedly a valuable writing or instrument under our statute, and the personal property of the rightful owner. An indictment for the larceny of such a ticket

in the common law form, describing the ticket in or-dinary and concise language, would be good. We know as matter of daily occurrence and current history that tickets are sold, in this great country, entitling the holder to cross the continent, from ocean to ocean, by connecting roads, and to pass from the extreme north to the extreme south. Such a ticket may be stolen at any point of the route, and the holder may not know, or may have forgotten by what company it was issued, or the precise line it entitled him to take. The statute intended to punish the stealing of such a ticket, and, in analogy to the settled rule as to bank bills and legal coin, as well as is in virtue of the provisions of the Code and the general principles of our decisions, a description of such a ticket in ordinary language, and in the words of the indictment before us, is sufficient.

Affirm the judgment.