STATE *v.* SHELTON.

(*Knoxville.*   October 1, 1891.)

·INDICTMENT.   *For burglary sufficient, when.*

Indictment for burglary is sufficient which avers that defendant "unlawfully broke and entered the store-house of Saunders & Co., with intent to steal, take, and carry away the dry goods, groceries, and money of said Saunders & Co. of the value of $100, against the peace and dignity of the State."

·Case cited and approved: Womack *v.* State, 6 Lea, 146.

---

FROM GRAINGER.

---

Appeal in error from Circuit Court of Grainger County.   W. R. HICKS, J.

Attorney-general PICKLE for State.

D. D. ANDERSON and J. T. & J. K. SHIELDS for Shelton.

SNODGRASS, J.   Indictment charging that defendant "unlawfully broke and entered the store-house of Saunders & Co., with intent to steal, take, and carry away the dry goods, groceries, and money of said Saunders & Co. of the value of $100, against the peace and dignity of the State," was quashed on motion because it did not set out and define

the felony intended to be committed, and aggregated the value of the property specified in the indictment as that which defendant intended to steal.

The indictment must set out the felony. It is not sufficient merely to say that a felony was intended, or to name it as larceny or other offense. 3 Heis., 483; 4 Bax., 10.

But it need not describe articles intended to be stolen, or their value; nor that it was done with intent to deprive the true owner thereof and appropriate property to use of taker without the consent of the owner. An indictment omitting all these elements was held good in *Womack* v. *The State*, 6 Lea, 146.

In that case the difference in language on this point with the present case consisted in the use of term "feloniously." The intent there averred was "to feloniously take, steal, and carry away the goods and chattels of Towles & Brother."

This was not an averment of all particulars necessary to a perfect charge of larceny or intent to commit. It was an averment of substantial particulars sufficient to designate the offense meant. So is the present. The averment that the intent was to steal, is not strengthened by saying to feloniously steal, for there is no stealing which is not felonious, unless it be of something which has no value. In this case a value is averred, and such difference obviated. The indictment is good.

Judgment reversed and case remanded.