## AYRES *v.* STATE.

## (*Nashville.* December Term, 1905.)

1. **ARSON**. **Indictment**. **Sufficient description of property.**
   An indictment for arson which alleges that the building burned
   was situated in a designated city sufficiently describes the
   building.

   Cases cited and approved: Com. v. Lamb, 1 Gray, 493; State v.
   Price, 11 N. J. L., 203; State v. Meyers, 9 Wash., 8; Baker
   v. State, 25 Tex, App., 1.

2. **SAME**. **Same. Not necessary to allege value of building,
   when.**
   An indictment for arson need not allege the value of the prop-
   erty burned; such an allegation is only necessary where value
   enters into the degree of crime, or affects the punishment.

---

FROM DAVIDSON.

---

APPEAL in error from the Criminal Court of Davidson
County.—W. M. HART, Judge.

R. L. MAYFIELD, for Ayres.

ASSISTANT ATTORNEY-GENERAL FAW, for the State.

MR. CHIEF JUSTICE BEARD delivered the opinion for the Court.

This record embraces two indictments and two convictions for statutory arson. In each case there was a motion to quash, which was overruled. Subsequently there were motions in arrest. The ground of these motions was that the description of the property was too vague and uncertain to put the defendant on notice, in this: that the averment in each case was that the property feloniously burned was "situated in the city of Nashville."

The counsel of the defendant relied for his contention on *State* v. *Wacker,* 16 Mo. App., 417, in which it was held that such a description was too indefinite; but the weight of authority is that it is enough in an indictment for arson to allege that the building burned is within the jurisdiction of the court. In *Com.* v. *Lamb,* 1 Gray, 493, an averment that defendant "at and in the county of P., did . . . set fire to and burn a certain barn," was held sufficient. Again, the allegation that defendant "at the towship aforesaid, . . . one barn of the property of one Nicholas Ryerson, not parcel of the dwelling-house of Nicholas Ryerson there situated, wilfully and maliciously did burn," etc. (*State* v. *Price,* 11 N. J. Law, 203), and the averment that defendants, "in the county of Spokane, State of Washington, did then and there unlawfully . . . maliciously set fire to and burn a certain storehouse building" (*State* v. *Meyers,* 9 Wash., 8, 36 Pac., 1051), were held to be suffi-

ciently definite.   To the same effect is *Baker* v. *State*, 25 Tex. App., 1, S. W., 23, 8 Am. St. Rep., 427.

Nor was averment of the value of the property burned necessary.   This is only essential when value enters into the degree of crime, or affects the punishment.   3 Cyc., 999.

The judgment of the lower court is affirmed.