STATE OF TENNESSEE *v.* C. J. CORNELLISON.

(*Nashville,* December Term, 1932.)

Opinion filed April 8, 1933.

NAT TIPTON, Assistant Attorney-General, for plaintiff in error.

WALKER & HOOKER, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This case is here on appeal by the State from a judgment of the Circuit Court sustaining motions to quash three indictments, each charging the larceny of the articles described in the several indictments, each of the indictments containing a second count charging receiving and concealing the same personal property described in the first counts.

The validity of the indictments is challenged for the defendant chiefly on the theory that the property alleged to have been stolen is insufficiently described to such an extent as that the defendant is not given that notice of the nature and cause of the accusation against him which is contemplated by our constitution.

Incidentally, it is insisted that the indictments are deficient in failing to set forth with proper exactness the time and place of the commission of the alleged offenses; also, in failing to fix a valuation on each of the several articles of property included in the indictment, the draftsman having stated a total value at the end of each count

of the various articles listed in said count. An averment of aggregate value was approved in *State* v. *Shelton,* 90 Tenn., 539.

 It appears from an examination of the three indictments that the time is set out in the first as "On the — day of February, 1931, and prior to the finding of this indictment." (The indictments were found at the May term, 1931). In the second the same language is used, but the blank is filled in to read "On the 12th day of February, 1931;" and in the third the language is identical with that in the first, except that the word "January" is substituted for the word "February." This is clearly sufficient under our statute (Shannon's Code, 7087) and our cases. *Bolton* v. *State,* 5 Cold., 651; *State* v. *Donaldson,* 3 Heisk., 49. Of course, it is well settled that no averment of the value of the property which is the object of the criminal offense charged is necessary, unless value enters into the degree of crime, or determines the punishment. *Ayres* v. *State,* 115 Tenn., 722. In the instant case the aggregate value of the articles included in the first indictment is stated to be $69.50; in the second $193.63 and in the third $107.76, different articles being enumerated in each indictment.

 Passing now to what is the main insistence for the defendant, ably and plausibly presented, it may be said that three controlling elements must be given application in passing on the sufficiency of the description of the person or thing denominated in the indictment as the objective of the offense charged. The description contained in the first indictment, illustrative of the issue under discussion, is, "One Ford Generator armature, one Carbosolve valva, one bag cleaning material, and steel tape measure, four shock absorbers and fittings, one me-

chanical jack, one box distributor points and raters and motor brushes, of the value of Sixty-nine and 50/100 ($69.50) Dollars.''

1. In the first place, our State statutes have effected a simplification of the common law rules touching the form and phraseology of indictments. In *State* v. *Donaldson,* 3 Heisk., 48, Judge DEADERICK called attention to some of the strict requirements of the common law and noted that these well established rules of criminal pleading had been materially changed by our Tennessee statute, brought into Shannon's Code as Sections 7077, 7080, 7083.

2. Moreover, the modern tendency is toward simplicity in pleading, and particularly in criminal pleading. As said by Mr. Justice SUTHERLAND in the recent case of *Hagner et al.* v. *U. S.,* 285 U. S., 427, 76 L. Ed., 861, ''The rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran and Sayre* v. *United States,* 157 U. S., 286, 290; *Rosen* v. *United States,* 161 U. S., 29, 34.''

And MR. JUSTICE MCKINNEY, of this Court, in the course of his opinion in *Jordan* v. *State,* 156 Tenn., 509, well expressed this view: ''In *State* v. *Pearce,* 7 Tenn., 67, decided more than one hundred years ago, a history of the reason for the strictness required in indictments

was detailed, and it was pointed out that the reason therefore no longer existed. And in subsequent decisions reference has frequently been made to the growing inclination of this court to escape from the embarrassment of technicalities that are empty and without reason, and tend to defeat law and right. *Givens* v. *State,* 103 Tenn., 652, and cases there cited."

3. With particular application to the point herein made of alleged indefiniteness in identification of the denominated objects of the offenses charged, to-wit, (1) larceny, and (2) concealing, a distinction is to be taken between the description required in the indictment and that required in the proof, general or class identity being sufficient to be shown in the indictment, while in the proof individual or specific identification is requisite to conviction. Learned counsel for defendant appear to have overlooked this fundamental distinction.

By way of illustration, a charge that A stole from B a "horse," an animal of that general class, is good as a descriptive charge in the indictment, putting A on notice of the nature of the charge (larceny), and of the particular crime of which he is accused; but to convict the proof must go further and establish the identity of a certain horse as the stolen property of B. As said in *State* v. *Stephens,* 127 Tenn., at page 287, quoting from *Pyland* v. *State,* 4 Sneed, 357, "the particular circumstances of description and of identification necessary to make out the case are matters of proof." The maxim "that is certain which can be made certain" has application.

This distinction in principle thus stated between that definiteness in identification required in the averment and that required in the proof was announced in this State

by Judge WHYTE in the early case of *Pearce* v. *State,* Peck, 66, in this language: "That degree of precision in the description of an offence cannot be given in the indictment so as to distinguish it *per se* from all other cases of a similar nature; such a discrimination amounting to identification must rest in averment, and its absence in description can be no test of the certainty required either for defence against the present or protection against a future prosecution for the same matter. But that certainty only is necessary that will enable a jury to decide in the case of theft, whether the chattel proved to have been stolen is the very same with that upon which the indictment is founded, and show judicially to the Court that it could have been the subject-matter of the offence charged. This will secure the defendant from future prosecution for the same offence after acquittal or conviction. See 1 Chitty, 235-6.''

In *Jordan* v. *State, supra,* this statement was approved, and *State* v. *Cameron,* 50 Tenn., 86; *Millner* v. *State,* 83 Tenn., 181; and *State* v. *Stephens,* 127 Tenn., 285, were cited as to the same effect.

Indeed, the attempt of the draftsman of the indictment to be specific in description frequently results in a fatal variance when the proof is in.

Holding, in *Turner* v. *State,* 3 Heisk., 452, that it is wholly unnecessary to charge that the horse stolen is of a certain color or sex, it is said that, if however a certain color or sex is alleged, then the proof must conform thereto. The reason is that otherwise the notice to the accused, essential to his defense, becomes affirmatively misleading. In that case it was a mule that was the object of the alleged larceny. The indictment described the animal as "one bay mare mule.'' The court reversed

because the proof tended to show that the particular mule was of a different color, but the court said that "it would have been sufficient to have described the subject of the larceny simply as a mule." This is an illustration of what has heretofore been said, namely, that it is only necessary for the purposes of the indictment that the animal or article alleged to have been stolen be described as one of a kind or class named, susceptible of individual or specific identification by proof.

In the course of his opinion in *State* v. *Pearce, supra,* (the indictment in that case describing the animal only as "one horse beast"), Judge WHYTE thus reasons, quite pertinently: "What capacity is it, I ask, short of that imbecility to which the law will not impute a crime, that will not understand what is meant by killing a horse beast? is the expression of killing a black gelding more intelligent, or would the descriptive adjuncts of black, gray, etc., showing color, admitted by the argument to be sufficient, constitute any real difference? Will not the most ordinary and common capacity comprehend that the killing imputed to him by this, of horse beast, is of an individual of the horse kind, which I shall show presently is all the law requires, as contradistinguished from an individual of the cow kind, or any other kind of beast within the purview of this Act. It is not to be expected that the identity of the beast killed can be ascertained by description alone, when the beast is not the only one of the kind, but one of many of the same kind."

*Ayres* v. *State,* 115 Tenn., 722, was a conviction for arson. The ground of the motion to quash was insufficiency in description of the property burned, in that it was charged only that it was "situated in the City of Nashville." Sustaining the indictment, MR. JUSTICE BEARD,

speaking for this Court, said, "It is enough . . . to allege that the building burned is within the jurisdiction of the court," and he cites cases holding that descriptions such as "a certain barn," and "a certain store house building," in a named state and county, are sufficient. The notice afforded the accused by the descriptions in these cases was that he was charged with burning one of a class of property, to-wit, a building, located within a certain area, that is, within the jurisdiction of the court, and it was left to the proof to identify the particular building and show its ownership in the party named in the indictment.

Giving application to these principles, without distinguishing or discussing the numerous cases relied on in the comprehensive briefs of counsel on both sides, we are satisfied that the indictments in this record sufficiently informed the defendant of the nature and cause of the accusation against him so as to enable him to prepare his defense. While it is true, as contended, that the description, "one Ford Generator Armature," by way of illustration, is not sufficient to so identify the article as to distinguish it from other Ford Generator Armatures, on the hearing it will be encumbent upon the State to prove that this particular Ford Generator Armature was the property of the Tennessee Auto Service Company and was stolen by this defendant. He is on very clear notice that he is accused of having stolen, on a day in February, 1931, from the Tennessee Auto Service Company, one Ford Generator Armature. Certainly no further notice is needed to enable him to prepare to defend this charge. As said by MR. JUSTICE SUTHERLAND, *supra*, "the true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but

whether it contains the elements of the offense intended to be charged.'' The rights of the accused are always to be observed and the courts should be careful to see to it that no injustice is done him, but the time has long passed when offenders may be permitted to escape more ''by the ever easy ear given to exceptions to indictments, than by the manifestation of their innocence,'' and when crimes are permitted to go ''unpunished by reason of these unseemly niceties.''

Reversed and remanded.