STATE *v.* OVERTON.

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

NAT TIPTON, Assistant Attorney General, for plaintiff in error.

L. C. ELY and W. E. FITZGERALD, both of Knoxville, for defendant.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This case is here on appeal by the State from a judgment of the Criminal Court of Knox County sustaining a motion to quash the indictment. The indictment charged the defendant in error in substance with a violation of Code Section 7944a. This section of the Code is in the following language: "Any contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of im-

proving certain real property for any other purpose than to pay for labor performed on, or materials furnished by his order for, this specific improvement, while any amount for which he may be or become liable for such labor or materials remains unpaid, shall be guilty of a felony and punished accordingly."

The indictment found against the defendant in error, omitting the formal parts thereof, reads as follows: "* * * unlawfully and feloniously with intent to defraud, did use proceeds of payments made to him on account of improving certain real property, to-wit: A certain parcel of real property of Andrew L. Marguerat Sr. and Bertha Johnson Marguerat, to-wit: (Then describing certain real property in Knox County) for a purpose other than to pay for labor performed on and material furnished by his order for this specific improvement, while an amount for which he was or would become liable for such labor or material remained unpaid, * * *."

The motion to quash, omitting the formal parts, is as follows: "* * * because the same is too vague and indefinite and does not therefore afford the defendant reasonable notice of the offense with which he is charged in order that he may be able to prepare his defense for that, although said indictment charges him with appropriating certain proceeds, etc., it does not state the amount he is charged with appropriating."

From the above quoted portions of the indictment and the Statute it is readily seen that the indictment whose validity is here challenged is drawn in almost the exact words of the statute. The general rule is that, when the statute sets out what acts shall constitute the offense, it is generally sufficient in the indictment to charge the offense in the substantial words of the statute.

This rule has its exception, which is that the elements of the crime sufficient to inform the defendant of the charge he is called upon to answer should be set out. This Court in many reported decisions has affirmed this rule. *State* v. *Ladd,* 32 Tenn. 226; *Wilson* v. *State,* 103 Tenn. 87, 52 S. W. 869.

The State makes the very plausible argument that a proper construction of the motion to quash only sets forth the fact that the indictment is defective in that it fails to aver the value or amount converted by the defendant in error and it is for this reason that the indictment is invalid. It is a well settled principle of criminal law with reference to accusations that it is never necessary to state the value of property in an indictment unless such value went into the degree of the crime or the punishment when such degree depends upon value. In *Ayres* v. *State,* 115 Tenn. 722, 91 S. W. 195, this Court said: ''Nor was averment of the value of the property burned necessary. This is only essential when value enters into the degree of crime or affects the punishment.''

And again this Court reiterated this principle in *State* v. *Cornellison,* 166 Tenn. 106, 59 S. W. (2d) 514, when the Court again said: ''Of course, it is well settled that no averment of the value of the property which is the object of the criminal offense charged is necessary, unless value enters into the degree of crime, or determines the punishment.''

The statute under which the indictment in the instant case was found does not divide the offense created into degrees depending upon the amount misappropriated by the party charged. The statute makes him guilty of a felony irrespective of the amount so misappropriated. The statute uses the words ''shall use the proceeds of any payment made to him''. It thus appears to us that since

the statute has not divided the offense into degrees depending upon the value of the property, the value thus becomes unnecessary.

· (4, 5) The gist of the offense charged in this indictment and under this statute is that a person exercising a contractual relation shall obtain funds for a specific purpose and shall divert those funds to his own use, leaving outstanding obligations for which the creditor would have a lien upon the property owned by the payor of such funds, then the person exercising this relationship and so diverting the funds is guilty of a felony. This very closely approaches embezzlement in that there exists the confidential relation and the person who is charged by reason of such relationship misappropriates or diverts the funds paid to him for a specific purpose, uses them for his own ends. Ordinarily it is well settled that in embezzlement the indictment need not aver the value of the property embezzled unless it is divided into degrees or the amount of the property enters into the punishment as above said. 18 Am. Jur., Embezzlement, Section 46, page 600.

The defendant in error very ably contends that the motion to quash was not limited to the value of the property misappropriated but that it was made upon and sustained by the trial judge on the basis that the indictment was vague and indefinite. It is argued, very plausibly, that: "Out of dozens of persons with whom he has dealt, which one or ones does the State refer to? Was it a laborer or furnisher or both? What is the amount—is the entire bill or only a balance claimed to be due? Whom shall he summon—all of them, perhaps a hundred or more?" This argument is very plausibly made at length and numerous decisions of this Court over the last one hundred years are cited in support

thereof. Of course we are familiar with these decisions and have reviewed every decision cited in the brief on behalf of the defendant in error. Many of these decisions, without naming them specifically, point out the fact that even though the indictment was drawn in the words of the statute it must be sufficiently definite to inform the defendant of what the charge is so that he may prepare his defense and to inform the court so that it may see a definite offense is charged and so the defendant may apply the judgment and punishment in the case of future prosecutions. We do not now question the correctness of these decisions. Suffice it to say that under the particular indictments in each of those cases and the insufficiency of the facts alleged therein the Court was correct in sustaining the motion to quash those indictments. It must be recognized though that each case must be considered on its own bottom. As a result of this fact no particular case cited can be said to be controlling in the instant case. We must merely take the propositions of law in these cases as sound and apply them under the indictment in the instant case.

Our State statutes in reference to indictments have effected a simplification of the common-law rules touching the form and phraseology of indictments. Code Sections 11621 through 11624 cover the form and requisites of indictments. Code Section 11624 provides in substance that: ''The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition,'' in such a manner as to give the defendant knowledge of what he is being charged with. This tendency toward simplicity in pleading and particularly in criminal pleading seems to have been and is being adopted by the courts in the United States. In *Hagner* v. *U. S.*, 285 U. S. 427, 52 S. Ct. 417,

419, 76 L. Ed. 861, the Supreme Court of the United States said: ''The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must. be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction'. *Cochran and Sayre* v. *United States,* 157 U. S. 286, 290, 15 S. Ct. 628, 630, 39 L. Ed. 704; *Rosen* v. *United States,* 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606''.

This Court adopted that language with approval in *State* v. *Cornellison,* supra, 166 Tenn. at page 109, 59 S. W. (2d) 514.

 Examining the indictment in the instant case in view of the rules above mentioned and set forth we find that the defendant in error is charged ''with intent to defraud'' and of the use of proceeds made to him for the improvement of property belonging to Andrew L. Marguerat Sr., and Bertha Johnson Marguerat, on a certain lot and located in a certain district as shown by a map on record in the Register's Office of Knox County, Tennessee, and that he did unlawfully use money paid to him for that purpose when it was paid to him to be applied for labor or material furnished in doing the work for those people on that specific piece of property. It seems to us that clearly under such an averment the indictment is sufficient and definite and certain so as to give the defendant notice of just what he is accused of

doing. Of course the Attorney General in drawing the indictment might have gone further and specified that there was a failure of the defendant to pay John Doe a certain amount or Sara Smith a certain amount for either labor or material or such, but we do not deem it necessary to so allege in the indictment so long as the defendant is charged with misappropriating the funds which were turned over to him to pay for labor or material for work done for specific people on a specific piece of property. Under such an allegation of facts, not a conclusion of law, the defendant is apprized of whether or not he has paid all of those with whom he has contracted on this specific piece of property for these people and it is not necessary to go into further particulars.

This Court in *State* v. *Cornellison,* supra, very logically analyzed numerous cases of this Court which are cited on behalf of the defendant in error and clearly showed why it is not necessary to make such allegations in an indictment as here insisted upon. This opinion that we refer to, *State* v. *Cornellison,* supra, is so well written we will not attempt to rehash what is there said.

▮▮▮▮ It is next insisted by the defendant in error that the statute under which this indictment is found is unconstitutional because it is "meaningless and is so ambiguous as to be incapable of being well understood by the courts and the public, and is therefore void." We cannot agree with this statement. To us it seems that there is no ambiguity in the statute and that a statute of the kind is a very salutary piece of legislation. It is common knowledge to all lawyers that over a period of years, and especially during a building boom, there are hardly enough precautions that can be taken by the lender of money or the property owner to protect himself against improper application of funds paid in cer-

tain instances to certain unscrupulous contractors or those doing business on a shoe string. It was probably by reason of this fact that the present statute was adopted by the legislature at the instance of the reputable contractors and others of the State. The statute, Code, Section 7944a, simply says in very simple words that where any person shall use the proceeds of any money paid to him for the improvement of a specific piece of real property for his own use and does not apply it to the labor or for the material used on this specific piece of real property is guilty of a felony and shall be punished therefor. It seems to us that a just and fair reading of the statute will get that meaning and that there is absolutely nothing ambiguous therein.

The indictment in the instant case charged the defendant in error with feloniously and unlawfully and with the intent to defraud of using money that was paid to him for the purpose of improving certain real property for purpose other than paying for the labor or the material that was used on that real property. There is nothing unusual or out of the ordinary in such averments and it seems to us that the way they are made they are made so that the person charged has specific notice that he either used this money for one thing or the other. Certainly the person charged knows better than anyone else of whether or not he paid for these things on this specific piece of property. He should and any ordinary contractor would know whom he had employed and what material he had bought and it would be very easy for him to defend any charges directed against him for unlawful use of this money on this specific piece of property. He could certainly never again be prosecuted for a defalcation by reason of any of his work done on the property described in the indictment.

We have very carefully considered the excellent briefs herein, have investigated and read all of the authorities cited and have done some independent investigation of our own and are satisfied that the judgment below was incorrect and it is therefore necessary to reverse this judgment and remand the case to the Criminal Court of Knox County for further proceedings.