**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JUNE SESSION, 1999**



**FILED**

**July 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9809-CC-00265** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **GIBSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JULIAN P. GUINN** |
| **CHARLES WOODRUFF,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sale of Cocaine) |

**ON APPEAL FROM THE JUDGMENT OF THE**
**CIRCUIT COURT OF GIBSON COUNTY**

FOR THE APPELLANT:

C. MICHAEL ROBINS
46 North Third Street
Suite 719
Memphis, TN 38103
  (ON APPEAL)

TOM C. CRIDER
District Public Defender
107 S. Court Square
Trenton, TN 38382
  (AT TRIAL)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

R. STEPHEN JOBE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

CLAYBURN L. PEEPLES
District Attorney General

BRIAN W. FULLER
Assistant District Attorney General
110 S. College Street, Suite 200
Trenton, TN 38382

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Charles Woodruff, was indicted by the Gibson County Grand Jury on September 15, 1997 on four charges, all arising from a single drug transaction: possession of cocaine with intent to sell or deliver, delivery of cocaine, sale of cocaine, and possession of cocaine. On May 22, 1998, the Defendant was tried before a jury and found guilty of the sale of cocaine. The trial court sentenced him as a Range III persistent offender to ten years incarceration, and as fixed by the jury, he was fined $2,000. Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, the Defendant now appeals his conviction, presenting only one issue for our review: whether his indictment was void for failure to sufficiently allege a culpable mental state. We affirm the judgment of the trial court.

The indictment at issue alleges that "CHARLES WOODRUFF did unlawfully sell a controlled substance, to wit: COCAINE, a schedule II controlled substance, as classified in Section 39-17-408 of the Tennessee Code Annotated, to Michael Jones, an undercover agent of the Milan Police Department, in violation of T.C.A. 39-17-417." The Defendant argues that the indictment does not allege a culpable mental state as contemplated by Tennessee laws, see Tenn. Code Ann. § 39-11-301, and that it is therefore fatally deficient. He contends that because the indictment fails to allege a culpable mental state, it is fatally deficient.

Generally, the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 9 of the Tennessee Constitution

"guarantee to the accused the right to be informed of the nature and cause of the accusation." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment is generally valid "if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." Id. The Defendant relies upon Hill to support his argument in this appeal.

In Hill, the supreme court considered an indictment charging the defendant with the offense of aggravated rape and concluded that the indictment was valid, despite its failure to allege a culpable mental state. Id. at 729. The court held

> that for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
> > (3) the mental state can be logically inferred from the conduct
> alleged.

Id. at 726-27. The court emphasized that "the purpose for the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute" and pointed out that "[s]uch common law offenses no longer exist." Id. at 728. The court also indicated that "'the growing inclination of this court [is] to escape from the embarrassment of technicalities that are empty and without reason, and tend to

defeat law and right.'" Id. (quoting State v. Cornellison, 59 S.W.2d 514, 515 (Tenn. 1933)).

In the case at hand, the Defendant contends that "as to statutory offenses which do specify a culpable mental state in the definition of the offense, modern criminal practice in Tennessee as elsewhere mandates that the required mental state be expressly pleaded in the indictment." He distinguishes the offense with which he was charged, the sale of cocaine, from that charged in Hill, aggravated rape, in two ways: He points out that the offense itself is different and argues that the common law affecting the two crimes differs. He also stresses the fact that the statute defining the crime charged in his case does specify a culpable mental state — that of "knowing."

Contrary to the Defendant's assertions, the Tennessee Supreme Court held in Ruff v. State, 978 S.W.2d 95 (Tenn. 1998), that the reasoning in Hill applies "with even greater force" in cases where the culpable mental state is provided in the statute cited in the indictment. Id. at 99. In a recent case, our supreme court reaffirmed its holding in Ruff, stating that

> an indictment which includes a reference to the criminal statute that sets forth the mens rea is sufficient to give a defendant notice of the applicable mental state. "Thus, where the constitutional and statutory requirements outlined in Hill are met, an indictment that cites the pertinent statute and uses its language will be sufficient to support a conviction."

State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999) (quoting Ruff, 978 S.W.2d at 100).

This Court has recently applied the same reasoning in cases involving the sale of drugs. See State v. Vincent Burris, No. 02C01-9703-CC-00087, 1999 WL 150866 (Tenn. Crim. App., Jackson, March 22, 1999); State v. Howard Kareem

Atkins, No. 02C01-9805-CC-00155, 1999 WL 241870 (Tenn. Crim. App., Jackson, April 26, 1999); Bruce Edward Little v. State, No. 01C01-9710-CR-00461, 1998 WL 918608, at *3-*4 (Tenn. Crim. App., Nashville, Dec. 31, 1998).

In the case at bar, the indictment specifically references Tennessee Code Annotated § 39-17-417, which states in pertinent part, "It is an offense for a defendant to knowingly . . . [s]ell a controlled substance . . . ." Tenn. Code Ann. § 39-17-417(a)(3) (emphasis added). In addition, we note that the trial court instructed the jury that in order for the Defendant to be found guilty of the offense of which he was ultimately convicted, "the State must have proven beyond a reasonable doubt that the defendant intentionally or knowingly sold [the] Cocaine." (Emphasis added.) The jury instructions included a definition of "knowingly." We conclude that the indictment in this case meets constitutional and statutory requirements of notice and form and is, therefore, valid.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
NORMA McGEE OGLE, JUDGE