IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 29, 2020

## STATE OF TENNESSEE v. BILLY RAY MOATS

**Appeal from the Criminal Court for Knox County**
**No. 109734          Bob R. McGee, Judge**

**No. E2019-02244-CCA-R3-CD**

The Defendant, Billy Ray Moats, appeals from his Knox County Criminal Court convictions for two counts each of aggravated burglary and theft of property valued at $500 or more but less than $1,000. On appeal, the Defendant argues that the evidence was insufficient relative to the value of the stolen property in support of his theft convictions; in addition, he raises for the first time on appeal a challenge to the version of the theft grading statute applied during sentencing. Following our review, we conclude that although the evidence regarding the property's value was sufficient, the trial court should have applied the amended theft grading statute that went into effect on January 1, 2017, and that plain error relief is warranted. We remand for the entry of corrected judgments in Counts 3 and 4 reflecting Class A misdemeanor convictions and a sentence of eleven months, twenty-nine days to serve. The trial court's merger of the convictions and its determination regarding consecutive sentencing will remain the same.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part; Modified in Part; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Clinton E. Frazier (at trial), Maryville, Tennessee, for the appellant, Billy Ray Moats.

Herbert H. Slatery III, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

This case arises from the burglary of Terrilla Porterfield's home, which occurred while she was staying with her boyfriend during Labor Day weekend in 2016. The January 2017 term of the Knox County Grand Jury indicted the Defendant for two counts each of aggravated burglary and theft of property valued at $1,000 or more but less than $10,000. See Tenn. Code Ann. §§ 39-14-103(a), -14-105(a)(3) (2016), -14-402, -14-403(a).

At the Defendant's May 29, 2018 trial, Ms. Porterfield testified that when she returned to her home, she noticed that a dresser had been "pushed forward" or had fallen over in her adult son's bedroom; all of her socks had been removed from a dresser drawer and thrown on the floor in her bedroom; and the cabinets were open in her bathroom. Ms. Porterfield walked around the outside of her house and saw that "there was duct tape like crazy" on her back window, which had not been present when she left. After speaking to a neighbor, Ms. Porterfield concluded that someone had broken into the home and called the police. Between the time of the initial police call and trial, Ms. Porterfield discovered that the following items had been taken: two high school football championship rings belonging to her son, an "owl clock," blood pressure medication, bottles of perfume from a department store and Victoria's Secret, a camera tripod, a bag of "miscellaneous jewelry," Ms. Porterfield's high school class ring, and three laptop computers. Ms. Porterfield noted that one of the laptops had a broken screen, another had a malfunctioning power button, and a third functioned, but was infected with a computer virus.

Ms. Porterfield testified that she did not know the Defendant or give him permission to enter her home or take her property. Relative to the value of the stolen property, Ms. Porterfield made the following estimates:

| Item | Value |
|------|-------|
| Son's championship rings | $175 apiece |
| Bag of jewelry | $100 |
| Ms. Porterfield's high school ring | $100 |
| Owl clock | $20 |
| Perfume | $150 |
| Camera tripod | $15 |
| Laptop with virus | $200 |

| | |
|---|---|
| Broken laptops | $100 apiece |
| Total | $1,135 |

Ms. Porterfield testified that she contacted her son's former football coach to determine the value of the rings, which the high school had purchased. Ms. Porterfield stated that the repair of her back window cost an additional $200. Ms. Porterfield said that the police recovered her son's rings, two of the computers, and the camera tripod; however, the bag of jewelry, which included her son's "baby necklace," was not recovered.

Relative to the value of the laptop computers, Ms. Porterfield agreed that she was "guesstimating" and that she did not know their retail value. She said, "I'm guessing. I really am . . . . [T]he laptops aren't inexpensive, but I know that the ones I have weren't expensive. I'm just giving you a guesstimation." Ms. Porterfield noted that two of the computers were gifts from her mother and that she did not recall the purchase price for the third computer.

Crime scene investigator Kimberly Trotter subsequently collected finger and palm prints from the broken windowsill, and latent print examiner Tom Finch matched three prints to the Defendant. Knox County Sheriff's Detective Bradley Cox interviewed the Defendant on September 23, 2016; the Defendant was informed of his rights and agreed to speak to Detective Cox. Detective Cox noted that the Defendant was illiterate.[1]

During his statement, the Defendant told Detective Cox that he was "pill sick" and "needed a quick fix." The Defendant claimed that the burglary "was the only one that he did" and that he knew what he had done was wrong. The Defendant admitted to taking rings and a laptop computer, and he stated that other items, including a bag of jewelry "and stuff," were split between him and another person. The Defendant said that he was the only person who entered Ms. Porterfield's home. Detective Cox noted that he was unable to confirm the second person's involvement in the burglary. The Defendant told Detective Cox where the stolen property was located, and the police recovered rings, a laptop computer, and "a bunch of cell phones."

After the conclusion of the State's proof, the Defendant moved for a judgment of acquittal relative to the theft charges, arguing that "value [was] an essential part" of the charges and that Ms. Porterfield candidly expressed "some issues" when calculating the value of the property. The Defendant requested in the alternative that the court submit the theft charges to the jury as a misdemeanor offense rather than a felony. The trial court

---

[1] Although Detective Cox testified that the Defendant's interview was recorded, the recording was not played for the jury or entered as an exhibit.

found that the value of the property was a question for the jury and denied the motion. The Defendant presented no evidence.

The jury subsequently convicted the Defendant as charged in Counts 1 and 2. The jury found that although the Defendant was guilty of theft of property in Counts 3 and 4, the value of the stolen property was more than $500 but less than $1,000.

During the sentencing hearing, Knox County Sheriff's Detective Steve Webb testified that in 2009, he investigated a series of twenty-seven burglaries involving different victims, in which the Defendant admitted involvement and cooperated with the police. The Defendant was ultimately convicted of six counts of aggravated burglary in connection with these cases. The Defendant also had numerous prior misdemeanor convictions, mostly for theft-related offenses.

The Defendant testified that he had been a drug addict his "entire" life and that he had served a previous nine-year sentence related to the six aggravated burglaries, during which time he continued to use illicit drugs. He had previously stolen from retail establishments to support his drug addiction, but had eventually transitioned to burglarizing homes with two of his friends. The Defendant claimed that on the day he burglarized Ms. Porterfield's home, another person told him that Ms. Porterfield's home was empty and suggested the burglary as a way to make money quickly. The Defendant noted that he suffered a traumatic brain injury as a child and that as a result, he was not "right in [his] head" and was illiterate.

The parties agreed that the Defendant was a career offender for purposes of sentencing. The valuation of the stolen property was not discussed. Although the trial court's findings are not included in the record, the court ordered a maximum in-range sentence of fifteen years for each count of aggravated burglary and six years for each count of theft as a career offender. The judgments in Counts 3 and 4 for theft reflect that the offense class was a Class E felony. The court merged Count 2 into Count 1, as well as Count 4 into Count 3, and ordered that the sentences in Counts 3 and 4 be served consecutively to the sentence in Count 1. The total effective sentence was twenty-one years.

Relevant to the issues on appeal, in his motion for a new trial, the Defendant argued generally that the evidence was insufficient to support his convictions. The trial court denied the motion for a new trial without making additional findings. The Defendant timely appealed.

–4–

<u>ANALYSIS</u>

*I. Sufficiency of the Evidence*

Although the Defendant's issue relates primarily to the offense classification applied by the trial court for the theft convictions, we will briefly address his overarching contention that the evidence was insufficient to prove the value of the stolen property supporting his theft convictions because Ms. Porterfield vacillated on the value of the laptop computers.[2]   The State responds that the evidence is sufficient.

An appellate court's standard of review when a defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).   This court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State.   See <u>State v. Sheffield</u>, 676 S.W.2d 542, 547 (Tenn. 1984); <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).   Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See <u>State v. Bland</u>, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict."   <u>Id.</u>; see <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982).   The standard of proof is the same whether the evidence is direct or circumstantial.   <u>State v. Dorantes</u>, 331 S.W.3d 370, 379 (Tenn. 2011).   Likewise, appellate review of the convicting evidence "is the same whether the conviction is based upon direct or circumstantial evidence."   <u>Id.</u> (quoting <u>State v. Hanson</u>, 279 S.W.3d 265, 275 (Tenn. 2009)).   The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State."   <u>State v. Sisk</u>, 343 S.W.3d 60, 67 (Tenn. 2011).

Theft of property occurs when a person "knowingly obtains or exercises control over the property without the owner's effective consent" with the intent "to deprive the owner of [the] property."   Tenn. Code Ann. § 39-14-103(a).   A person acts knowingly "with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist."   Tenn. Code Ann. § 39-11-106(a)(20).   A person acts knowingly "with respect to a result of the person's

---

[2] The Defendant does not challenge the sufficiency of the evidence relative to the aggravated burglary convictions.

conduct when the person is aware that the conduct is reasonably certain to cause the result." Id.

Our supreme court has noted that although the statute defining theft does not contain "an element regarding the value of the property stolen," the property's value should be included in the indictment, and its value "must be determined in order to establish the grade of the theft offense." See State v. Jones, 589 S.W.3d 747, 756 (Tenn. 2019) (citing Tenn. Code Ann. § 39-14-105(a); State v. Overton, 245 S.W.2d 188, 189 (Tenn. 1951)). The value of stolen property for purposes of the theft grading statute is a question of fact for the jury. See Tenn. Code Ann. § 39-11-115. Our pattern jury instructions, which were given in the Defendant's case, provide that the jury first determines a defendant's guilt relative to theft before setting the property's value. See Jones, 589 S.W.3d at 757; T.P.I.— Crim. 11.03(a).

The Defendant's sole contention relative to sufficiency is that because Ms. Porterfield speculated about the value of the laptop computers, the evidence was insufficient "to sustain verdicts that the value of the stolen property was more than $1,000." However, the record does not reflect that the jury found that the property was worth $1,000 or more; the verdict sheets specifically indicate that the jury found the value of the property to have been more than $500 but less than $1,000.

In the light most favorable to the State, Ms. Porterfield provided sufficient testimony for the jury to find that the Defendant stole property valued at more than $500 but less than $1,000. The jury's verdict indicates that it discredited at least some of Ms. Porterfield's testimony relative to valuation. Even assuming that the value of the laptop computers was zero, the stated value of the remainder of the stolen property was $835, which was consistent with the jury's finding. The Defendant is not entitled to relief on this basis.

## II. Offense Classification

The Defendant contends that the trial court erred in its classification of the theft offenses in Counts 3 and 4, arguing that because he was sentenced after January 1, 2017, his theft convictions should have been classified as Class A misdemeanors rather than Class E felonies. The State responds that the Defendant has waived this issue for failure to properly raise the issue in his appellate brief, as well as failure to raise it during the sentencing hearing or in the motion for new trial, and that plain error relief is unwarranted.

We acknowledge the State's correct observation that the Defendant has not raised the offense classification issue in his statement of the issues in his brief, instead raising it

for the first time in his discussion of the sufficiency of the evidence; accordingly, this court may deem it to have been waived. See Tenn. R. App. P. 27(a)(4) ("[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue[.]"). We wish to emphasize that all parties should comply with the Rules of Appellate Procedure instead of relying on this court's discretion to address issues notwithstanding procedural noncompliance. However, because we conclude below that plain error exists in this case, we decline to waive this issue in the interest of justice.

The doctrine of plain error applies when all five of the following factors have been established:

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused must not have waived the issue for tactical reasons; and
> (e) consideration of the error must be "necessary to do substantial justice."

State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." Id. at 231. Even if all five factors are present, "the plain error must be of such a great magnitude that it probably changed the outcome of the trial." State v. Martin, 505 S.W.3d 492, 505 (Tenn. 2016).

In this case, the record clearly reflects that the judgments in Counts 3 and 4 were entered as Class E felonies, and the sentence imposed accordingly. As stated above, once the jury has found that a defendant is guilty of theft, it then determines the value of the stolen property, which is necessary to establish the offense classification. See Jones, 589 S.W.3d at 756. "After the jury . . . determines the value of the stolen property, the trial court uses a jury's determination of value to establish the class of the theft offense under Tennessee Code Annotated section 39-14-105(a)," also known as the theft grading statute, and based upon the class of the offense, orders a corresponding authorized sentence and fine. State v. Menke, 590 S.W.3d 455, 465 (Tenn. 2019) (internal quotation omitted).

When the Defendant committed the theft in September of 2016, the theft grading statute provided that theft of property valued at more than $500 but less than $1,000 was a Class E felony. See Tenn. Code Ann. § 39-14-105(a)(2) (2016). However, effective January 1, 2017, the legislature amended the theft grading statute to reclassify theft of property valued at $1,000 or less as a Class A misdemeanor. Tenn. Code Ann. § 39-14-105(a)(1) (2017).

Our supreme court has held that because the amended theft grading statute lessens the penalty for theft, it falls into a statutory exception to the rule that "a criminal offender must be sentenced pursuant to the statute in effect at the time of the offense," the Criminal Savings Statute. Menke, 590 S.W.3d at 466 (internal quotation omitted); see Tenn. Code Ann § 39-11-112 ("[I]n the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.").

The Defendant was indicted in January 2017; his trial was held on May 29, 2018; and his sentencing hearing was held on August 2, 2018, all after the enactment of the amended theft grading statute. The trial court should have classified the Defendant's theft convictions in Counts 3 and 4 as Class A misdemeanors. Applying Menke, we conclude that a clear and unequivocal rule of law was violated in this case.

We also conclude that no tactical reason existed to waive the issue, that the Defendant's substantial rights were affected, and that consideration of the issue is necessary to do substantial justice. The Defendant incurred additional felony convictions on his criminal record and was sentenced to six years for the theft convictions, as opposed to a maximum misdemeanor sentence of eleven months, twenty-nine days. The Defendant is entitled to plain error relief. See State v. Steven Michael Odom, No. W2018-00634-CCA-R3-CD, 2019 WL 1126068, at *9 (Tenn. Crim. App. Mar. 12, 2019) (concluding that the failure to apply the amended theft grading statute in a similar case was plain error), perm. app. denied (Tenn. Apr. 16, 2019).

Utilizing the jury's finding that the property stolen was valued at more than $500 but less than $1,000, the Defendant's actions constitute Class A misdemeanor convictions under the amended statute. Relative to the length of the sentence, a new sentencing hearing is not necessary because the judgments reflect that the trial court imposed the maximum in-range sentence for each merged conviction, and it was undisputed by the parties that the Defendant was a career offender. As a result, we direct the trial court to enter corrected judgments in Counts 3 and 4 reflecting that the Defendant was convicted of Class A misdemeanor theft, with a sentence of eleven months, twenty-nine days to serve as a career offender. The court's merger of Counts 3 and 4 and its order for consecutive sentencing were proper and should also be reflected in the corrected judgments. As corrected, the Defendant's total effective sentence is fifteen years, eleven months, and twenty-nine days.

## CONCLUSION

The evidence was sufficient to support the Defendant's convictions in this case. However, we find as plain error the trial court's failure to apply the amended theft grading statute at sentencing, and therefore, we vacate the six-year, Class E felony sentences for

the Defendant's theft convictions.   The case is remanded for entry of amended judgments in Counts 3 and 4 reflecting eleven-month and twenty-nine-day sentences for Class A misdemeanor convictions of theft of property valued at $1,000 or less.   In addition, upon remand, the judgment form in Count 4 should reflect that it is merged with Count 3, and the judgment in Count 3 must also reflect that it is to be served consecutively to Count 1. In all other respects, the judgments are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE