Ruth Allen, alias, Ruth Chandler, alias,
Ruth Aldridge,

*v.*

State of Tennessee.

463 S.W.2d 140.

(*Knoxville,* September Term, 1970.)

Opinion filed January 18, 1971.

Ben Wexler and William T. Berry, Greeneville, for plaintiff-in-error.

David M. Pack, Attorney General, and Reporter, and Robert H. Roberts, Assistant Attorney General, Nashville, for defendant-in-error.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Ruth Allen, Alias, was convicted and sentenced to the penitentiary for a term of three to five years for disposing of property subject to a security interest in violation of T.C.A. sec. 39-1957. The Court of Criminal Appeals affirmed. We granted certiorari to consider the sufficiency of the indictment.

The indictment as relevant is in this language:

"'* * * did unlawfully and feloniously dispose of or conceal personal property, consumer goods, to wit: one mower, one glider and one chair, and one stereo set, all of which were in her possession. The above personal property was valued at more than one hundred ($100.00); was subject to a security interest, as defined under the Uniform Commercial Code—Secured Transactions, with the felonious intent to deprive the secured party of the property, or any part thereof, or of the proceeds, or any part thereof,''.

The rule with respect to the certainty and particularity required in an indictment is best summarized in Wharton's Criminal Procedure, sec. 1762, as follows:

Sec. 1762. *Certainty and particularity.*

The constitutional right of the accused to be informed of the nature and cause of the accusation against him requires that every material fact and essential element of the offense be charged with precision and certainty in the indictment or information. He has a substantive right to be informed by the indictment or information in simple, understandable language of the crime he is charged with and the acts constituting the crime, in sufficient detail to enable him to prepare his defense and to be protected in the event of double jeopardy, and to define the issues so that the court will be able to determine what evidence is admissible, and to pronounce judgment.

It has been said that this constitutional right is based upon the presumption of innocence and that it requires such definiteness and certainty in the charge in an indictment or information as will enable a presumptively innocent man to prepare for trial. When there is a manifest and substantial repugnancy in a material charge of a count, the count cannot be sustained.

The accused cannot object that the indictment does not state the offense with absolute certainty. It is sufficient that it be stated with reasonable certainty, but the charge must be stated with as much certainty as the circumstances of the case will permit, and an information which may apply to one of several definite offenses, without specifying which, is fatally defective.

A vague, general, and indefinite description of the alleged crime is insufficient. The averments must be such as clearly to designate, not only the particular kind of offense, but the specific criminal act for which the accused is to answer. The true test is not whether the indictment could possibly be made more definite and certain, but whether it contains every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and whether, in case other criminal proceedings are taken against him later, based on the same matters, the record shows with accuracy to what extent he may plead a former acquittal or conviction in bar of the later proceedings."

This statement is in accord with the law on this subject in Tennessee, and the most casual reading of it demonstrates the inadequacy of the indictment. Not only is the description of the merchandise so general as to border on voidness for uncertainty and impreciseness, this fault is compounded and the indictment made fatally faulty because it nowhere mentions the owner of the security interest violated. Under the law quoted we consider this to be indispensable to the avoidance of the possibility of double jeopardy.

The judgment of the lower court is reversed and set aside and the case is remanded for such further proceedings as the District Attorney General may think the case warrants.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and MC-CANLESS, JUSTICES, concur.