STATE of Tennessee, Appellee,

v.

Emma Jean Dunlap HILLIARD, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

March 22, 1995.

General, Nashville, Robert "Gus" Radford, District Attorney General, Vicki Snyder, Asst. District Attorney General, Huntingdon, for appellee.

## *OPINION*

PEAY, Judge.

The defendant was charged in the indictment with one count of the possession of marijuana with the intent to sell or deliver and one count of the possession of cocaine with the intent to sell or deliver. The trial court, on its own motion, reduced the charge in the first count to simple possession of marijuana, and the jury was so instructed. The defendant was convicted of both charges and received concurrent sentences of eleven months and twenty-nine days on count one and eight years on count two.

In this appeal as of right, the defendant presents two issues for review. First, the defendant contends that the trial court erred by failing to suppress evidence obtained as a result of a search of the defendant's home. Second, the defendant claims that count two of the indictment is insufficient to charge and support a conviction of a Class B felony. After a review of the record in this case, we find the second issue to be meritorious and remand for resentencing.

The evidence presented at trial reveals that police officers in Henry County, pursuant to a search warrant, entered the defendant's home in search of crack cocaine. Officer Crosser of the Henry County Sheriff's Office testified that he and several other officers had entered the defendant's home after knocking and announcing their presence. Officer Crosser stated that at the time of the search there were several people sitting in the living room of the defendant's home, but that the defendant was in her bedroom. The officer then testified that he had told the defendant that he had a search warrant for crack cocaine and that if necessary he would use the drug sniffing dog to locate any drugs. Officers Crosser and Lee both testified that the defendant then directed them to a pillow on her bed under which the cocaine was located. Also found with the rocks of crack cocaine were several marijua-

Donald E. Parish, Huntingdon, for appellant.

Charles W. Burson, Attorney General & Reporter, Joel W. Perry, Asst. Attorney

na cigarettes and cash in the amount of $3,344.00.

■ In her first issue the defendant challenges the sufficiency of the affidavit supporting the warrant used to search her home. The affidavit of Officer Crosser provides that:

> [the] affiant received information from a[n] adult reliable and truthful citizen of Henry County who states that within the last three days they observed crack cocaine being stored and sold at the above said premises. The confidential informant who fears for their personal safety if their name is revealed has used crack cocaine in the past. Knows crack cocaine and recognizes it when they see it. A controlled buy was conducted at the above said premises which resulted in the purchase of a small amount of crack cocaine from Emma Jean Dunlap. This transaction was taped. The confidential informant has given information in the past which resulted in the arrest and convictions of known drug dealers on several occasions.

The defendant contends that this affidavit fails to meet the two prong knowledge and reliability test set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), as adopted by our Supreme Court in *State v. Jacumin*, 778 S.W.2d 430 (1989). This test requires that for probable cause to exist in an affidavit there must be: (1) a basis for the knowledge of the informant, and (2) evidence that the individual informant was credible or the information was reliable. *Jacumin*, 778 S.W.2d at 432.

■ In the instant case, the trial judge ruled, and we agree, that both prongs of the *Aguilar/Spinelli* test were met. The first prong was satisfied for two reasons: (1) the informant had seen a quantity of cocaine being stored and sold in the defendant's

home in the last three days; and (2) the informant was familiar with crack cocaine on sight because he/she had used cocaine before.[1]

The second prong of the test was satisfied because this informant has given information in the past that has led to convictions of other drug dealers in the community. In *State v. Starks*, 658 S.W.2d 544, 546 (Tenn. Crim.App.1983), this Court held that the credibility of a confidential informant can be established by prior history of accuracy.

■ The defendant argues that the affidavit is facially defective because it lacks specificity. A search warrant affidavit only needs to provide probable cause that the search will yield evidence of a crime. *Jacumin* 778 S.W.2d at 431. In the instant case, the affiant stated not only that drugs had been seen on the defendant's premises within the last three days, but also that a controlled buy of crack cocaine was made recently from the defendant at her residence. Furthermore, the information contained within the affidavit was sufficient to inform the issuing magistrate of who had the drugs, where they were, and how recently they had been seen at that location.

■ The defendant's final argument for support of her contention that the evidence obtained as a result of the search should be suppressed is that the executed search warrant was not returned to the issuing magistrate as required by T.C.A. § 40–6–107(a). *See also* Tenn.R.Crim.P. 41(d). This argument is without merit as our Supreme Court has held that "the return of an officer upon a search warrant is a ministerial function and does not affect the validity of the warrant and its execution by the officer." *Anderson v. State*, 512 S.W.2d 665, 668 (Tenn.Crim. App.1974).

■ Given that the information was sufficient for the issuing magistrate to determine that there was probable cause to support the

---

1. The State refers in its brief to a third factor the issuing magistrate considered before issuing the search warrant: that "the informant heard Defendant Thomas refer to the substance as 'coke'." This information is not contained in the supporting affidavit and this Court has not been able to find reference to this statement anywhere in the record. Since evidence not contained in the affidavit cannot be considered in the determination of probable cause, pursuant to Rule 41(c) Tenn.R.Crim.P., we did not consider that information in determining whether the issuing magistrate had probable cause to issue the warrant.

issuance of the warrant, great deference is given to that determination by reviewing courts. *Jacumin,* 778 S.W.2d at 431–32. Both the issuing magistrate and the trial judge found that the affidavit supplied the requisite probable cause for issuance of the search warrant. Absent evidence to the contrary, we find that the trial judge properly overruled the defendant's motion to suppress the evidence obtained pursuant to the search warrant.

In her second issue the defendant contends that the language of count two of the indictment is insufficient to charge and support a conviction of a Class B felony. Count two of the indictment reads:

> That Emma Jean Dunlap Hilliard ... did unlawfully, knowingly or intentionally possess with intent to sell or deliver a controlled substance, to-wit: A CHUNKY SUBSTANCE IDENTIFIED AS CO-CAINE BASE, A SCHEDULE II SUBSTANCE, thereby committing the offense of POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO SELL OR DELIVER, in violation of T.C.A. § 39–17–417(a)(4).

■ An indictment must state those facts constituting the offense, and it must charge the crime exactly and precisely. *Allen v. State,* 225 Tenn. 34, 463 S.W.2d 140 (1971). In *Allen,* the Supreme Court reversed the defendant's conviction for disposing of secured property pursuant to an indictment which failed to mention the owner of the security interest. The Court there stated that "the charge must be stated with as much certainty as the circumstances of the case will permit ... [t]he averments must be such as clearly to designate, not only the particular kind of offense, but the specific criminal act for which the accused is to answer." *Allen,* 463 S.W.2d at 141.

The indictment does not charge a Class B felony because it fails to allege that the amount of the controlled substance found in the possession of the defendant was point five (0.5) grams or more. T.C.A. § 39–17–417(a)(4) (Supp.1994) states that it is an offense for a defendant to knowingly possess a controlled substance with the intent to manufacture, deliver or sell such substance. Sub-

section (c) of this same statute differentiates between amounts of the controlled substance in order to determine what class of crime has been committed. In pertinent part, T.C.A. § 39–17–417(c)(1) & (2) (Supp.1994) state that possession of point five (0.5) grams or more of cocaine is a Class B felony, and that possession of less than point five (0.5) grams of cocaine is a Class C felony.

There are no cases in Tennessee which directly address the effect of the failure to allege the amount of controlled substance as defined under the present statute. Yet, this case is analogous to larceny cases under our previous statutes in which the value of the stolen property had to be specified in the indictment where the value was relative to the degree of the crime or punishment. *See Ayres v. State,* 115 Tenn. 722, 91 S.W. 195 (1906); *State v. Cornellison,* 166 Tenn. 106, 59 S.W.2d 514 (1933); *State v. Overton,* 193 Tenn. 171, 245 S.W.2d 188 (1951); *State v. Junior Ray Risner,* No. 1, Hardin County (Tenn.Crim.App. filed March 25, 1982, at Jackson).

The State cites, as support for its position, a recent Court of Criminal Appeals case which held that the fact that the indictment did not contain the amounts involved did not prejudice any of the defendant's rights. *State v. Walter Jones,* No. 02C01–9307–CR–00155, 1994 WL 456347, Shelby County (Tenn.Crim.App. filed August 24, 1994, at Jackson). This case is, however, distinguishable on the facts from the present case. In *Jones,* the defendant committed the crime of possession with the intent to sell in March 1992 and was indicted on June 30, 1992. The law in Tennessee at that time did not require an indictment to allege an amount for a defendant to be convicted of a Class B felony. All possessions with the intent to sell were classified as Class B felonies. T.C.A. § 39–17–417(c)(1) (1991 Repl.). The amended statute, which reduced the crime to a Class C felony if the amount involved is less than point five (0.5) grams, became effective on July 1, 1992. T.C.A. § 39–17–417(c)(2) (Supp.1994). In the present case the defendant was indicted in November 1993 for offenses occurring on June 4, 1993; thus, the new law, requiring possession of the specific

amount of point five (0.5) grams or more to charge a Class B felony, was effective, making the present case distinguishable from *Jones.*

■■■ The State further argues that this issue is moot because the defendant did not raise this issue pretrial as mandated by Rule 12(b)(2) of the Tennessee Rules of Criminal Procedure. Rule 12(b)(2) provides that defenses and objections based on defects in the indictment, presentment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings) must be raised before trial by motion. The defendant does not allege a defect in the indictment; she contends that the indictment failed to charge a Class B felony. As stated previously, the law in this area changed in 1992 to classify possession with the intent to sell or deliver cocaine as either a Class B or Class C felony, depending on the amount of the controlled substance found in the defendant's possession. Accordingly, we conclude that the type of crime committed depends on the amount possessed, making the amount an element of the offense. The indictment in this case failed to charge that element of the offense requiring possession of point five (0.5) grams or more of cocaine; therefore, this issue was not waived by the defendant.

In *State v. Larry Glover,* No. 01C01–9011–CC–00309, 1992 WL 25009, Wayne County (Tenn.Crim.App. filed February 14, 1992, at Nashville), the defendant was indicted for aggravated assault and assault with the intent to commit murder. The indictment failed to allege the personal injury of the victim. At the time, the punishment for aggravated assault without bodily injury was significantly less than if bodily injury were alleged. The defendant received the en-hanced punishment given for aggravated assault resulting in serious bodily injury. On appeal, this Court held that the indictment only revealed an allegation of assault with the intent to commit murder and that this allegation was insufficient to include personal injury. The Court further stated that since there was no allegation of personal injury, a necessary element of aggravated assault, the defendant could not be subjected to the enhanced punishment. The Court resentenced the defendant to the lesser range of punishment for the crime.

■■■ Pursuant to the language above, the indictment in the present case failed to allege that part of the crime which confers an enhanced punishment on the defendant: that an amount of point five (0.5) grams or more be alleged to charge a defendant with a Class B felony. T.C.A. § 39–17–417(c)(1) (Supp. 1994). For these reasons, we reduce the conviction of the defendant to a Class C felony for the possession of cocaine with the intent to sell or deliver an amount less than point five (0.5) grams, pursuant to T.C.A. § 39–17–417(a)(4)(c)(2) (Supp.1994). We refrain from resentencing the defendant because this Court has not been furnished with the sentencing hearing transcript and as such, is unable to review all of the factors considered by the trial court in sentencing the defendant. Therefore, we remand this case to the trial court for resentencing in conformity with this opinion.

SUMMERS, and TIPTON, JJ., concur.