IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

# STATE OF TENNESSEE v. LARRY EDWARD ENGLET

**Direct Appeal from the Circuit Court for Madison County**
**No. 98-463    Hon. Franklin Murchison, Judge**

---

**No. W1999-00283-CCA-R3-CD - Decided May 8, 2000**

---

The defendant appeals from his conviction of possession of marijuana with intent to sell, a Class E felony.  He claims that because the indictment failed to specify the amount of marijuana he was accused of possessing, he could properly be convicted of no offense greater than simple possession of marijuana, a Class A misdemeanor.  Because his argument is without merit, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

WITT, J., delivered the opinion of the court, in which WADE, P.J., and WOODALL, J., joined.

Lloyd R. Tatum, Henderson, Tennnessee, for the appellant, Larry Edward Englet.

Paul G. Summers, Attorney General and Reporter, Tara B. Hinkle, Assistant Attorney General, James G. Woodall, District Attorney General, and Chris Schultz, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

JUDGE WITT  delivered the opinion of the court.

The defendant, Larry Edward Englet, appeals from his conviction of possession of marijuana with intent to sell, a Class E felony.  He received his conviction at the conclusion of a jury trial in the Madison County Circuit Court.  The trial court imposed a minimum, one-year sentence to be served with 30 days in the local jail and the balance on probation.  In this direct appeal, the defendant contends that because the indictment against him did not specify that the amount of marijuana he was accused of possessing was greater than one-half ounce, he could properly be convicted of no offense greater than simple possession, a Class A misdemeanor.  Because we find the defendant's argument and authorities unpersuasive, we affirm the judgment of the trial court.

On March 12, 1998, officers of the Jackson Police Department and Madison County Sheriff's Department discovered the defendant in possession of 94.4 grams of marijuana in six

plastic baggies.[1]  Five of the baggies were contained in a black bag inside the defendant's vehicle, and one of the baggies was on the defendant's person.  The defendant acknowledged that the substance was marijuana.

Thereafter, the defendant was indicted for possession of marijuana with intent to sell.[2] The relevant count of the indictment charged, "LARRY EDWARD ENGLET . . . did unlawfully and knowingly possess with the intent to sell a controlled substance, to wit: Marijuana, a Schedule IV Controlled substance, classified in §39-17-417 of the Tennessee Code Annotated, in violation of T.C.A. § 39-17-417 . . . ."  The issue before the court arises because the indictment did not allege a specific amount of marijuana in the defendant's possession.

The Criminal Code contains two separate sections prohibiting the possession of marijuana.  The lesser offense is criminalized by section 39-17-418, which prohibits the knowing possession or casual exchange of marijuana in an amount not in excess of one-half ounce.  See Tenn. Code Ann. § 39-17-418 (1997).  With certain exceptions not applicable to the case at bar, simple possession is a Class A misdemeanor.  See Tenn. Code Ann. § 39-17-418(c) (1997).  The greater offenses were at the time of the crime and are presently defined by Code section 39-17-417, which criminalizes the knowing manufacture, delivery, sale or possession with the intent to manufacture, deliver or sell an amount of marijuana not less than one-half ounce.  Compare Tenn. Code Ann. § 39-17-417(a), (g)(1) (1998).  Under the statute as it existed at the time, possession of not less than one-half ounce of marijuana was a Class A, B, D or E felony, depending upon the weight of the contraband.  See Tenn. Code Ann. §39-17-417(g)(1), (g)(2), (i)(13), (j)(13) (1997) (amended 1998).[3]

In support of the defendant's argument that he may be convicted of only the lesser offense of simple possession because the indictment did not allege the amount of marijuana in his possession, he relies upon the authority of State v. Hilliard, 906 S.W.2d 466 (Tenn. Crim. App. 1995).  In Hilliard, the defendant challenged her conviction of Class B felony possession of cocaine because the indictment did not specify an amount of cocaine.  Id. at 469.  Possession of any quantity of cocaine is criminalized by Code section 39-17-417, which differentiates between the Class C crime for possession of less than .5 grams and the Class B crime for possession of .5 grams or more. See Tenn. Code Ann. § 39-17-417(c)(1), (2) (1998); Hilliard, 906 S.W.2d at 469.  The Hilliard court

---

[1]A forensic scientist with the Tennessee Bureau of Investigation testified that 28.35 grams equals one ounce.

[2]The defendant was also indicted with possession of marijuana with intent to deliver. However, the assistant district attorney dismissed that charge following the return of the verdict. That count of the indictment is not at issue in this appeal.

[3]On July 1, 1998, subsection (g)(3) took effect, which created an additional Class C felony for marijuana possession of a certain quantity.  See Tenn. Code Ann. § 39-17-417(g)(3) (Supp. 1998).  Prior to that date, there was no Class C felony for marijuana possession.  See Tenn. Code Ann. § 39-17-417 (1997) (amended 1998).

held that because the indictment failed to allege that part of the crime which confers an enhanced punishment on the defendant (an amount of cocaine equal to or greater than .5 grams), it did not charge a Class B felony. Hilliard, 906 S.W.2d at 470. Therefore, the defendant could only be convicted of the lesser, Class C felony offense. Id.; State v. Eric Sherrod Sanders, No. 02C01-9503-CC-00060, slip op. at 5 (Tenn. Crim. App., Jackson, Nov. 15, 1995).

The distinction between Hilliard and the case at bar is that possession of marijuana, unlike possession of cocaine, is criminalized by two separate sections of the Code. That distinction is significant because the defendant in the present case was convicted of the least of the felony marijuana offenses defined by section 39-17-417; the next lesser offense, a misdemeanor, is contained in section 39-17-418. The indictment in this case referenced the felony Code section but not the misdemeanor Code section. Thus, the question becomes whether the statutory reference is sufficient to charge the felony offense.

The state and federal constitutions require that an accused be informed of the nature and cause of the accusation against him. See U.S. Const. amend. VI, XIV; Tenn. Const. art. 1, § 9; State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). "Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." Hill, 954 S.W.2d at 727 (citations omitted). The Code requires

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Tenn. Code Ann. § 40-13-202 (1997).

Recently, the appellate courts have addressed several cases in which defendants have challenged the sufficiency of indictments because the instruments failed to specifically allege a culpable mental state for the crime. See, e.g., State v. Frederick Sledge, — S.W.3d —, No. W1994-00005-SC-R11-DD (Tenn. Mar. 20, 2000); State v. Carter, 988 S.W.2d 145 (Tenn. 1999); State v. Ruff, 978 S.W.2d 95 (Tenn. 1998); Hill, 954 S.W.2d 725. Notably, these decisions stand for the proposition that where an indictment complies with constitutional and statutory notice requirements, the failure to specifically allege a culpable mental state is not a *per se* flaw. See Frederick Sledge, — S.W.3d at —, slip op. at 4-5 (mental state may be inferred from statutory reference and nature of conduct alleged); Carter, 988 S.W.2d at 149 (allegations which included statutory reference sufficiently alleged required mental state); Ruff, 978 S.W.2d at 97 (indictment sufficient which referred to statutory definition of crime and alleged conduct which allowed inference of mental state); Hill, 954 S.W.2d at 729 (mental state may be inferred from nature of conduct alleged).

Like the indictments in the culpable mental state cases, we believe that the indictment in the case at bar sufficiently charges the defendant with a crime. Addressing first the constitutional

concerns, the reference to the felony statute informed the defendant that he was facing a felony possession charge, rather than a misdemeanor charge. Likewise, the statutory reference provided the court with a basis for entering a felony conviction upon a verdict or plea of guilt. Further, the statutory reference in conjunction with the other allegations of the indictment protected the defendant from twice being placed in jeopardy for the same crime. Further, we believe the language of the indictment met the statutory requirements by stating the charge in ordinary and concise language so that a person of common understanding would know the crime charged, and it was sufficiently certain to enable the court to enter a proper judgment.[4]

Because we hold that the statutory reference was sufficient to charge the defendant with felony marijuana possession, the judgment of the trial court is affirmed.

---

[4]Notwithstanding our holding, we feel compelled to caution that we are not abandoning the rule of Hilliard. The result in this case is unique for two reasons. First, misdemeanor and felony marijuana possession are prohibited by separate statutes. Second, the defendant faced prosecution for the least serious of the four possible felony charges. Had the state contended that the defendant possessed an amount of marijuana which elevated him to the possibility of prosecution for one of the greater felony offenses, Hilliard might mandate that the defendant could be convicted of no more than the least of the felony offenses. Likewise, were all marijuana possession offenses consolidated into one statutory provision, Hilliard might require that the defendant could be prosecuted for no more than the lesser of all the possible offenses. Clearly, the preferred practice in drug possession cases is for the state to allege the amount of contraband possessed.