# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 2, 2004

## LLOYD EARL WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 03-CR-8484     R. Lee Moore, Jr., Judge**

---

**No. W2003-02348-CCA-R3-HC  - Filed April 29, 2004**

---

The Appellant, Lloyd Earl Williams, appeals the summary dismissal of his application for writ of habeas corpus.  On appeal, Williams argues that: (1) his six drug convictions are void because he was tried and sentenced *in absentia* and (2) his class B felony sentences are illegal because the indictments do not specify that the amount of cocaine sold or possessed was 0.5 grams or more. Finding these issues without merit, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Lloyd Earl Williams, Tiptonville, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In September of 1992, a Washington County grand jury returned a two-count indictment against the Appellant, charging him with, Count I, the unlawful sale of "approximately twenty (20) rocks of 'crack' cocaine" and, Count II, conspiracy "to distribute approximately twenty (20) rocks of 'crack' cocaine[.]"  These events were alleged to have occurred on May 28, 1992.  An additional four-count indictment was also returned against the Appellant in September of 1992, charging him with, Count I, the unlawful sale of "approximately four (4) rocks of 'crack' cocaine" on June 1, 1992; Count II, the unlawful sale of "approximately ten (10) rocks of 'crack' cocaine" on June 3, 1992; Count III, the unlawful sale of "approximately eight (8) rocks of 'crack' cocaine" on June 17,

1992; and Count IV, possession of "approximately one hundred (100) rocks of 'crack' cocaine" with the intent to sell on June 18, 1992.

The Appellant was released on bond on January 5, 1993. *Lloyd E. Williams v. State*, No. E2003-01409-COA-R3-CV (Tenn. App. at Knoxville, Jan. 23, 2004) (the Appellant brought suit against the State claiming that the trial and resulting sentence violated various statutory rights). The Appellant failed to appear for his trial conducted on February 4, 1993, and was convicted of four counts of the unlawful sale of cocaine, one count of possession of cocaine with the intent to sell, and one count of conspiracy to sell cocaine. On March 5, 1993, the trial court sentenced the Appellant to an effective fifty-four years in prison. The Appellant spoke to his attorney by phone several times during the trial and after sentencing. *Id.* Although his attorney advised him to turn himself in, the Appellant declined to do so and remained a fugitive until June of 2001, when he was apprehended and placed in custody to serve his sentence. *Id.*

The Appellant filed a petition for post conviction relief in November of 2001, claiming that "he just realized he had suffered an injury." *Id.* His petition was denied based upon the statute of limitations. *Id.* In September of 2002, a panel of this court affirmed the denial of post conviction relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. *Lloyd Earl Williams v. State*, No. E2002-00906-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Sept. 17, 2002), *perm. to appeal denied*, (Tenn. 2003).

On September 9, 2003, the Appellant filed a *pro se* petition for writ of habeas corpus in the Lake County Circuit Court. The Appellant asserted as grounds that: (1) the judgments against him were void because his trial and sentencing hearing were conducted in his absence and (2) his class B felony sentences were illegal because the indictments failed to allege that the amount of cocaine was 0.5 grams or more. On September 17, 2003, the trial court summarily dismissed the Appellant's petition without an evidentiary hearing or the appointment of counsel. This timely appeal followed.

## ANALYSIS

When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's review is *de novo* with no presumption of correctness given to the findings of the court below. *Id.*

Habeas corpus relief will only be granted where the petition shows that the judgment is "void" and not merely "voidable." *Id.* (citing *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999)). The petitioner bears the burden of establishing that the judgment is "void." *Id.* (citing *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *State ex rel. Kuntz v. Bomar*, 281 S.W.2d 290, 291-92 (Tenn. 1964)). That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment. *Id.* at 92-93 (citing *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000)). In other words, "the writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction

or authority to sentence a defendant or that the sentence has expired." *Id*. at 93 (citing *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)).

Where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *Id.* (citing Tenn. Code Ann. § 29-21-109 (2000); *Archer*, 851 S.W.2d at 164). Appointment of counsel is necessary only in cases in which the petition for writ of habeas corpus raises a cognizable claim. *Charles Damien Darden v. State*, No. W2001-01833-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 12, 2002).

## A. *In absentia* claim

First, the Appellant claims that, in accordance with this court's holding in *State v. Far*, 51 S.W.3d 222 (Tenn. Crim. App. 2001), the judgments against him are void because he was tried and sentenced *in absentia* in violation of Tennessee Rule of Criminal Procedure 43 and his state and federal constitutional rights. He contends that these constitutional shortcomings deprived the trial court of jurisdiction and required a grant of habeas corpus relief. We disagree.

This court has recently addressed the same factual and legal issue in *William T. Kirk v. State*, No. M2002-01460-CCA-R3-CO (Tenn. Crim. App. at Nashville, Jan. 31, 2003), *perm. to appeal denied*, (Tenn. 2003), and found it to be without merit. Finding this issue without merit, the *Kirk* Court reasoned as follows:

> [T]he petitioner in this case seeks to have us hold that the trial court's decision to allow him to be tried *in absentia* is so offensive to due process of law that the resulting judgments of conviction are void. It must be remembered at the outset that the right to be present, though fundamental and constitutional in nature, is one which may be waived by the defendant. Thus, the question herein is really one of the effectiveness of the petitioner's waiver *vis-a-vis* due process.

> The proposition of law that the defendant has a constitutional right to be present at trial is not a new one. We believe this point is critical. This case is not about the aftereffects of an announcement of a new rule of constitutional law; rather, it is about the procedural safeguards which attend the protection of established constitutional rights. The distinction is significant. Prophylactic measures designed to protect a criminal defendant's fundamental constitutional rights do not themselves constitute constitutional rules of law that must be applied retroactively.

> Although the petitioner has cast his complaint as a substantive violation of his constitutional rights, careful consideration reveals that the essence of the petitioner's complaint is that he was not, at his trial in 1983, afforded the same procedural safeguards prior to a finding of waiver of the right to be present at trial as are currently applicable in the trial courts of this state. As such, the petitioner seeks

the enforcement of recently established prophylactic measures for protection of constitutional rights, even though those rights were established at the time of his trial and despite previous determinations that those rights were adequately protected under then-applicable procedural safeguards.

*Id*. (internal citations omitted). In accordance with *Kirk*, we, likewise, conclude that this issue is without merit.

## B. Class B felony sentences

Next, the Appellant, relying on *State v. Hilliard*, 906 S.W.2d 466 (Tenn. Crim. App. 1995), argues that his class B felony sentences are illegal because the indictments failed to allege that the amount of cocaine was 0.5 grams or more. An indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition. *Wyatt*, 24 S.W.3d at 323. In *Hilliard*, this court reduced the Appellant's conviction from a class B felony to a class C felony because the indictment failed to allege that the amount of the controlled substance was 0.5 grams or more. *Hilliard*, 906 S.W.2d at 469-70. However, the Appellant's reliance on *Hilliard* is ill-founded.

The Appellant's argument ignores the fact that, in May and June of 1992, when he committed the challenged offenses, all unlawful sales or possessions of cocaine with the intent to sell were classified as class B felonies. *Id*. at 469. The law in Tennessee at that time did not require an indictment to allege a weight for a defendant to be convicted of a class B felony. *Id*. The amended statute, which reduced the crime to a class C felony if the amount involved was less than 0.5 grams, became effective on July 1, 1992. Tenn. Code Ann. § 39-17-417 (Supp. 1992).

Our criminal code contains a general savings statute "by which prosecutions are preserved after the statute proscribing the offense has been amended or repealed." *State v. Davis*, 825 S.W.2d 109, 111 (Tenn. Crim. App. 1991). That statute provides:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-11-112 (2003). Therefore, applying the statute in effect at the time of the Appellant's crime,[1] the Appellant's crimes were class B felonies. "[T]he indictment provided sufficient notice of the crimes charged and could not have inhibited the preparation of adequate defense." *State v. Walter Jones*, No. 02C01-9307-CR-00155 (Tenn. Crim. App. at Jackson, Aug. 24, 1994) (the fact that the indictment did not contain the amounts involved did not prejudice any of the Appellant's substantial rights); *see also State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991) (in order to satisfy constitutional requirements, an indictment must provide a defendant with notice of the offense charged, provide the court with an adequate ground upon which a judgment may be entered, and provide a defendant with protection against double jeopardy). Accordingly, we conclude that the indictments were not so defective as to fail to vest jurisdiction in the trial court, and the trial court had the authority to impose class B felony sentences for the convictions.

## CONCLUSION

Based upon the foregoing reasons, we affirm the Lake County Circuit Court's dismissal of the Appellant's application for the writ of habeas corpus.

_____
DAVID G. HAYES, JUDGE

---

[1]We note for emphasis that the important date is the date the crime was committed and not the date the indictment was returned.