# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON


## VICTOR D. MCMILLER, SR. v. WARDEN GLENN TURNER

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9642    Jon K. Blackwood, Judge**

———————————

**No. W2003-02480-CCA-R3-HC  - Filed September 16, 2004**

———————————


The Petitioner, Victor D. McMiller, Sr., appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES AND ALAN E. GLENN, JJ.  joined.

Victor D. McMiller, Sr., pro se.

Paul G. Summers, Attorney General & Reporter; Kathy Aslinger, Assistant Attorney General, for the appellee, the State of Tennessee.


### MEMORANDUM OPINION


From the record and the briefs submitted to this Court, we are able to discern that the Petitioner was indicted in two separate indictments for three counts of selling cocaine.  In September 2001, Petitioner entered guilty pleas, as a range II multiple offender, to one count of the sale of cocaine and two counts of facilitation to sell cocaine.  The two counts of facilitation

1

were ordered to be served concurrent with one another but consecutive to the sale of cocaine conviction and to two prior convictions for which the Petitioner was on parole. The sale of cocaine conviction was ordered to be served consecutive to the two facilitation convictions and to two prior convictions for which the Petitioner was on parole. The Petitioner is currently confined at Hardeman County Correctional Facility.

On August 26, 2003, Petitioner filed a petition for writ of habeas corpus alleging that his judgment of conviction was void. Specifically, he alleged that (1) the indictment is void on its face because it fails to allege the amount of cocaine possessed, (2) his guilty pleas were involuntarily entered, and (3) that trial counsel was ineffective. The trial court summarily dismissed the petition on August 29, 2003, finding that the Petitioner failed to establish a claim for habeas corpus relief. On October 3, 2003, Petitioner filed a motion to reconsider and amend the petition for habeas corpus relief.[1] In this subsequent pleading, the Petitioner alleged that this sentences are void and illegal because the trial court illegally imposed concurrent sentences while Petitioner was on parole for a felony. The motion to reconsider was denied by the trial court on October 9, 2003. A notice of appeal document was filed on October 10, 2003.

On appeal to this Court, the Petitioner alleges that (1) his indictments were constitutionally defective because they did not allege the amount of cocaine sold and (2) that his sentences are void because they are outside the statutory requirements. The State responds that the trial court properly dismissed the petition as the Petitioner has failed to establish a claim for habeas corpus relief.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

First, Petitioner's claim that his sentences are illegal because the trial court ordered his sentences to be served concurrently with outstanding sentences for which he was on parole at the time the present offenses were committed is not supported by the record. The judgment forms reflect that the trial court ordered the sentences to be served consecutive to the sentences from the offenses for which he was on parole. The trial court complied with Rule 32, Tennessee Rules

---

[1]The record reflects that, although the motion to reconsider was not filed until October 3, 2003, the motion was notarized on September 29 and was mailed from the Hardeman County Correctional Facility on September 30, 2003.

of Criminal Procedures.  The fact that the Petitioner's sentences for facilitation were ordered to be served concurrently with each other does not violate the Rule.

Next, Petitioner argues that the indictments are illegal because the indictments failed to allege the amount of cocaine sold.   An indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition.  *See Wyatt v. State*, 24 S,W,3d 319, 322 (Tenn. 2000).  The requirement that an indictment allege the amount of cocaine sold is only necessary when a defendant is charged with selling more than .5 grams of cocaine, a class B felony.  *See State v. Hilliard*. 906 S.W.2d 466, 469-470 (Tenn. Crim. App. 1995).  The indictments in the present case specifically charged Petitioner with the sale of cocaine, a class C felony.  Accordingly, the indictments need not allege the amount of cocaine sold.

The Petitioner has not established that he is entitled to habeas corpus relief.  He has alleged neither a facially invalid judgment nor an expired sentence.  Accordingly, it is ORDERED  that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

3