# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
April 25, 2006 Session

## STATE OF TENNESSEE v. CASEY WATSON

**Direct Appeal from the Criminal Court for Monroe County**
**No. 04-034    Carroll L. Ross, Judge**

---

**No.  E2005-02054-CCA-R3-CD - Filed July 20, 2006**

---

Defendant, Casey Watson, entered a plea of guilty to one count of possession of 0.5 grams or more of cocaine, with the intent to sell or deliver, a Class B felony; one count of possession of dihydrocodeinone with the intent to sell or deliver, a Class D felony; one count of possession of more than one-half ounce but less than ten pounds of marijuana with the intent to sell or deliver, a Class E felony; one count of unlawful possession of a weapon with intent to employ it in the commission of an offense, a Class E felony; and one count of unlawful possession of drug paraphernalia, a Class A misdemeanor.  Defendant was sentenced to concurrent sentences of eight years for his Class B felony conviction, two years for his Class D felony conviction and for each of his Class E felony convictions, and eleven months, twenty-nine days for his misdemeanor conviction, for an effective sentence of eight years.  The trial court ordered Defendant to serve his sentences in split confinement, with probation after serving ninety days in confinement.  As a condition of his plea agreement, Defendant reserved a certified question of law regarding the validity of a search warrant.  Based on our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ. joined.

Robert L. Jolley, Jr., Knoxville, Tennessee, for the appellant, Casey Watson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Chalmers Thompson, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

On February 27, 2003, police officers searched Defendant's residence in Monroe County pursuant to a search warrant. The search revealed the presence of drugs, weapons and drug paraphernalia, which items served as the basis for Defendant's indictment for the charged offenses. Defendant filed a motion to suppress the evidence obtained as a result of the search warrant, arguing that the affidavit was insufficient because it failed to establish probable cause. After the trial court denied his motion to suppress, Defendant entered a plea of guilty to the charged offenses. As part of the plea agreement, Defendant explicitly reserved a certified question of law: "Whether the search warrant affidavit in this case contains sufficient information for the issuing judge to find probable cause for the issuance of a search warrant to search 240 Pedigo Road, Madisonville, Monroe County, Tennessee."

**II. Analysis**

Initially, we note that certified questions of law are governed by Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. Rule 37(b)(2)(i) provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A) The judgment of conviction, or other document to which such document refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

*See also State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). In the case *sub judice*, Defendant has complied with all of the foregoing requirements for reserving a certified question of law.

Defendant's certified question challenges the trial court's finding of probable cause based on the supporting affidavit. Our Supreme Court has explained that:

The Fourth Amendment to the United States Constitution requires that search warrants issue only "upon probable cause, supported by Oath or affirmation." Article I, Section 7 of the Tennessee Constitution precludes the issuance of warrants except upon "evidence of the fact committed." Therefore, under both the federal and state constitutions, no warrant is to be issued except upon probable cause. *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *State v. Jacumin*, [778 S.W.2d 430 (Tenn. 1989)]; [T.C.A.] § 40–6-103. Probable cause has been defined as a reasonable ground for suspicion, supported by circumstances indicative of an illegal act. *Lea v. State*, 181 Tenn. 378, 181 S.W.2d 351, 352 (1944).

*State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998).

"[P]robable cause to support the issuance of a warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992) (citations omitted). The reviewing court must determine whether "the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing," and the "magistrate's determination is entitled to 'great deference' by a reviewing court." *Jacumin*, 778 S.W.2d at 431-32.

In *Jacumin*, our Supreme court adopted a two-pronged standard for determining whether probable cause exists under the circumstances presented in the affidavit submitted to the magistrate. In doing so, the Court relied upon the authority of *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969) and expressly rejected the "totality of the circumstances" approach found in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). *Jacumin,* 778 S.W.2d at 436. The *Jacumin* court concluded that "if not applied hypertechnically," the "*Aguilar-Spinelli* standard, or test, is more in keeping with the specific requirement of Article 1, Section 7 of the Tennessee Constitution that a search warrant not issue 'without evidence of the fact committed.'" *Id.*

When the affiant relies upon hearsay information from a confidential informant, the magistrate must be convinced that: (1) the informant possesses a "basis of knowledge" concerning the reported events and (2) that the veracity of the information is not in question. *Id.* at 432; *Moon*, 841 S.W.2d at 338. In order to meet the first prong of this standard, the affiant must inform the magistrate of some of the underlying circumstances which led to the informant's knowledge. *Moon*, 841 S.W.2d at 338. As for the second prong, the magistrate must be informed of some of the underlying circumstances from which the affiant concluded that the informant was credible and/or his information was reliable. *Id.* The affidavit must contain more than merely conclusory allegations. *Id.*

In the affidavit attached to the challenged search warrant, Officer Matt Conley, who was with the Madisonville Police Department at the time the search warrant was executed, states:

During the past week your affiant has been involved in an investigation of cocaine distribution taking place at 240 Pedigo Road, Madisonville, Monroe County, Tennessee. According to information gained during the investigation[,] [Defendant] is using his residence to sell cocaine from.

Within the last seventy-two hours your affiant has spoken with a confidential source of information, herein referred to as SOI 1. SOI 1 has proven creditable [sic] and reliable in the past by providing information that has led to the discovery of narcotics and has led to the arrest and conviction of at least one person for a felony narcotic offense. SOI 1 stated to your affiant that within the last seventy-two hours he/she was at the residence of [Defendant] and observed a large amount of cocaine being stored there and in the possession of [Defendant].

Minimal testimony was presented at the suppression hearing. Officer Conley confirmed that the affidavit was based on information provided by a confidential informant who had previously provided information leading to the arrest of a least one individual for a felony narcotic offense. At the suppression hearing, Defendant argued that the affidavit did not contain a basis for concluding that the confidential informant was, in fact, familiar with cocaine or could recognize cocaine if he or she saw it. In addition, Defendant contended that the information received from the confidential informant was possibly stale based on the wording in the affidavit concerning the time period within which the confidential informant personally observed cocaine in Defendant's residence.

The trial court denied Defendant's motion to suppress, stating:

I hear your motion, but I'm going to overrule it. I don't see this as the same thing as some of these other cases, and even though I hear your arguments, I'm not getting that out of reading this case. I think [Officer Conley] does say that the informant was on the premises within the last 72 hours. I think that's a common sense reading of the language of the time in paragraph (4). The reliability is deter–, is set forth in that he's provided information in the past that led to the discovery of narcotics and to the arrest and conviction of at least one person for a felony narcotic offense. A narcotic in that sense would be a[n] illegal drug. He says in the last paragraph, last sentence that, "He was on the premises with [Defendant] within the last 72 hours and observed there a large amount of cocaine being stored in the possession of [Defendant]." It's obvious from his past . . . information provided that he . . . knows what illegal drugs are. The officer could, maybe could have been a little bit more explicit in setting forth that, but the issue is whether there's enough to get past your motion of dismissal, and [the court] rule[s] that there is.

The trial court's denial of a motion to suppress will be upheld unless the evidence preponderates against the trial court's findings. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The application of the law to the facts found by the trial court, however, is a question of law which this Court reviews *de novo*. *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999).

Defendant argues that the facts recited in Officer Conley's affidavit did not sufficiently establish the "basis of knowledge" prong of the two-prong test set forth in *State v. Jacumin*. Defendant submits that the affidavit provides no basis for concluding that the confidential informant in this case was familiar with cocaine so as to recognize it when seen, or with the packaging or storing of cocaine. *See State v. Hilliard*, 906 S.W.2d 466, 468 (Tenn. Crim. App. 1995) (affidavit stating that confidential informant has "used crack cocaine in the past," and "[k]nows crack cocaine and recognizes it when they see it"); *State v. Thomas*, 818 S.W.2d 350, 353 (Tenn. Crim. App. 1991) (affidavit stating that confidential informant "is a member of the drug culture and is familiar with the substance, cocaine").

Although under the facts and circumstances presented in *Hilliard* and *Thomas* this Court found that the respective affidavits sufficiently met the "basis of knowledge" test as set forth in *Jacumin*, that is not to say that the *absence* of similar statements in Officer Conley's affidavit renders further analysis of the affidavit in the case *sub judice* unnecessary.

A magistrate must satisfy himself or herself that the informant's tip is "something more substantial than a casual rumor circulating in the underworld, or an accusation based merely on an individual's general reputation." *Spinelli*, 393 U.S. at 416, 89 S. Ct. at 589. An informant's personal observation of a wrongdoing satisfies the "basis of knowledge" prong of the *Aguilar* and *Spinelli* test. *See State v. Henning*, 975 S.W.2d 290, 295 (Tenn. 1998) (concluding that an affidavit sufficiently established the basis of an informant's knowledge when it stated that the informant was in the presence of a subject who expressed a desire to purchase crack cocaine, that the informant went into the suspect's residence, and the informant personally observed the suspect displaying cocaine); *Moon*, 841 S.W.2d 336, 339 (holding that the "basis of knowledge" prong was satisfied by the language "informant . . . had personally seen marijuana being used and/or displayed"); *State v. Steve Cornell Snipes*, No. W2004–01619-CCA-R3-CD, 2005 WL 1105187, at *4 n.4 (Tenn. Crim. App., at Jackson, May 5, 2005), *perm. to appeal denied* (Tenn. Oct. 24, 2005) (observing that statement that the informant had personally observed a large quantity of cocaine and marijuana in the suspect's premises and possession was sufficient to establish a basis for the informant's knowledge); *State v. Christopher Lynn Hooser*, No. 01C01-9410-CC-00339, 1995 WL 481684, at *3 (Tenn. Crim. App., at Nashville, Aug. 11, 1995), *perm. to appeal denied* (Tenn. Feb. 5, 1996) (informant personally observed a tube of crack cocaine in the suspect's pocket).

Thus, we agree with the trial court that the confidential informant's personal observation of a large amount of cocaine stored in Defendant's residence established the basis of the informant's knowledge. The affidavit also stated that the informant has provided credible and reliable information in the past which "has led to the discovery of narcotics and has led to the arrest and conviction of at least one person for a felony narcotic offense," which sufficiently establishes the credibility of the informant. *See Hilliard*, 906 S.W.2d at 468 (concluding that a statement in the affidavit that the confidential informant had previously provided information resulting in the arrest and conviction of known drug dealers satisfied the "veracity" prong of the *Aguilar-Spinelli* test); *Moon*, 841 S.W.2d at 339 (stating that "ordinarily, the general credibility of an informant has been

shown by his having previously given relevant information to law enforcement which has proven to be reliable").

Defendant contends that the information relied upon in the affidavit was stale, and therefore the affidavit failed to establish probable cause for the issuance of a search warrant. We observe initially that the State contends that this issue is outside the scope of the certified question under consideration and is thus not subject to review. *See State v. Preston*, 759 S.W.2d 647, 540 (Tenn. 1988) (holding that the certified question of law reserved by the defendant must be stated "so as to clearly identify the scope and the limits of the legal issue reserved"). In the instant case, the certified question asks whether the affidavit contains sufficient information for the issuing judge to find probable cause for the issuance of a search warrant. Timeliness of the information contained within the supporting affidavit is a component of the magistrate's probable cause determination. *See State v. Norris*, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000) (holding that the affidavit must contain information which will allow a magistrate to determine whether the facts are too stale to establish probable cause at the time issuance of the warrant is sought) (citing *State v. Longstreet*, 619 S.W.2d 97, 99 (Tenn. 1981)). Defendant raised and argued the issue of staleness at the suppression hearing, and the trial court made findings of fact on this issue. Thus, we conclude that the issue of staleness is within the scope of Defendant's certified question presented on appeal.

"[A]n affidavit must set forth facts from which a reasonable conclusion may be drawn that the evidence will be found in the place to be searched pursuant to the warrant." *State v. Vann*, 976 S.W.2d 93, 105 (Tenn. 1998). Defendant submits that the wording in the affidavit is ambiguous as to when the confidential informant was in Defendant's residence. Officer Conley stated that he had been involved in an investigation of alleged cocaine distribution from Defendant's residence "[d]uring the past week," and that "[w]ithin the last seventy-two hours," he spoke to a confidential informant who stated that "[w]ithin the last seventy-two hours he/she was at the residence" of Defendant. Defendant contends that one interpretation of the wording of the affidavit indicates that Officer Conley may have spoken with the confidential informant at the beginning of his week-long surveillance, not at the end.

A review of an affidavit supporting the issuance of a search warrant "begins by measuring its contents under the two-pronged [*Aguilar-Spinelli*] test in a commonsense, nonhypertechnical fashion." *Moon*, 841 S.W.2d at 339. The trial court found that "a commonsense reading of the language of the time in paragraph (4)" is that the informant was on the premises within seventy-two hours of the issuance of the search warrant. *See Vann*, 976 S.W.2d at 105 (finding that the statement in the affidavit that the investigating officers had observed certain relevant items in the named premises "within the previous five days" was sufficiently recent to establish probable cause); *State v. Abernathy*, 159 S.W.3d 601, 604 (Tenn. Crim. App. 2004) (finding an affidavit based on a confidential informant's observation of crack cocaine in the defendant's residence within seventy-two hours of the issuance of the warrant supports a finding of probable cause). The evidence does not preponderate against the trial court's finding that the information provided by the confidential informant in the instant case was sufficiently timely to support a finding of probable cause.

Based on our review, we conclude that the affidavit in the case *sub judice* satisfies both prongs of the *Aguilar-Spinelli* test and states facts which were sufficiently recent to establish probable cause. Accordingly, the trial court did not err in denying Defendant's motion to suppress, and Defendant is not entitled to relief on this issue.

## CONCLUSION

After review, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, JUDGE