IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

March 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9612-CC-00538 |
| | ) | |
| Appellee | ) | |
| | ) | ROBERTSON COUNTY |
| V. | ) | |
| | ) | HON. JOHN H. GASAWAY, III, |
| RALPH CEDRIC ALLEN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

Michael R. Jones
District Public Defender
110 Sixth Avenue, West
Springfield, TN 37172

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

John Wesley Carney, Jr.
District Attorney General

Dent Morris
Assistant District Attorney
500 South Main Street
Springfield, TN 37172

OPINION FILED: _____

AFFIRMED

WILLIAM M. BARKER, JUDGE

## OPINION

The appellant, Ralph Cedric Allen, appeals as of right the Robertson County Circuit Court's denial of his motion for reduction of sentence. He contends that the trial court erred in upholding his fourteen (14) year sentence for a Class B felony.

We affirm the judgment of the trial court.

In 1994, the appellant was indicted for possession of cocaine with intent to sell, possession of cocaine with intent to deliver, and possession of a firearm. The indictment did not specify the amount of cocaine found in appellant's possession. However, following plea negotiations, the appellant pled guilty to the charge of possession of over .5 grams of cocaine with intent to sell, a Class B felony. The remaining two charges were dismissed and the trial court sentenced appellant as a Range II multiple offender to fourteen (14) years in the Department of Correction. The sentence was ordered to run consecutively to a previous sentence.

On February 2, 1996, the appellant filed a *pro se* motion for reduction of sentence pursuant to Tennessee Rules of Criminal Procedure 35(b).[1] In that motion, he asserted that he pled guilty to and was sentenced for a Class B felony, but that he was indicted for a Class C felony.[2] He petitioned the trial court to reduce his sentence to a term within the range for a Class C offense. The trial court conducted a hearing and overruled appellant's motion.

The appellant relies upon State v. Hilliard, 906 S.W.2d 466 (Tenn. Crim. App. 1995), to argue that he was improperly sentenced for a Class B felony. In Hilliard, this Court held that an indictment charging a cocaine offense under Tennessee Code

---

[1]Although there are conflicting dates in the record, the judgment reflects that the sentence was entered on October 6, 1995. Relying upon that date, the appellant's motion was timely filed within the 120 days as specified by the rule. See Tenn. R. Crim. P. 35(b).

[2]After appellant filed his *pro se* motion, he received appointed counsel and filed a supporting memorandum to clarify the legal grounds and relevant authority.

Annotated section 39-17-417[3] must specify a quantity of 0.5 grams or more to allege a Class B felony. See id. at 470. Although the indictment in Hilliard did not specify the quantity of cocaine, nevertheless, the defendant was convicted by a jury and sentenced for a Class B felonious possession. See id. at 467. Based upon the omission in the indictment, we held that the defendant could only be sentenced for the lesser Class C felony. See id. at 470.

Subsequent cases have followed the rationale of Hilliard. See State v. Eric Sherrod Sanders, No. 02C01-9503-CC-00060 (Tenn. Crim. App. at Jackson, November 15, 1995); State v. Roger D. Pulley, No. 01C01-9501-CC-00013 (Tenn. Crim. App. at Nashville, September 20, 1995). In appellant's case, because the indictment did not specify that the amount of cocaine was 0.5 grams or more, he contends that the trial court erred in sentencing him for a Class B felony.

At the hearing on appellant's motion, the trial court considered both Hilliard and Pulley. However, the court distinguished those cases because they both involved jury verdicts. The trial court agreed that if the appellant had been convicted of the drug offense by a jury, then he would have been sentenced for a Class C felony. The trial court, however, distinguished appellant's case because the appellant pled guilty with full knowledge that he would be sentenced for the Class B felony of possessing eight (8) grams of cocaine. The trial court, therefore, overruled the motion to reduce appellant's sentence.[4]

Since the trial court's ruling, we have had the opportunity to address appellant's issue in a similar case. See State v. Jabbaul Pettus, No. 01C01-9602-CC-00056 (Tenn. Crim. App. at Nashville, January 30, 1997), perm. app. granted (Tenn. Sept. 22, 1997). In Pettus, the defendant pled guilty to the possession of cocaine with intent

---

[3]Tennessee Code Annotated section 39-17-417(c)(1),(2) (Supp. 1994), prohibits the manufacture, sale, delivery, or possession of a controlled substance. It specifies that possession of over 0.5 grams of cocaine is a Class B felony while possession of less than 0.5 grams is a Class C felony.

[4]We review the trial court's decision under an abuse of discretion standard. See State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

to sell and received an eight (8) year sentence to be served in community corrections. See slip op. at 2. The defendant, thereafter, violated community corrections and was resentenced by the trial court to ten (10) years for the cocaine offense. See slip op. at 3. On appeal, he relied upon Hilliard, claiming that the ten (10) year sentence was illegal because the indictment failed to specify the cocaine quantity and because the length of his sentence exceeded the range for a Class C felony. See id.

In Pettus, we distinguished Hilliard because, unlike the sentence in Hilliard, Pettus' sentence resulted from a voluntary and knowing guilty plea. Slip op. at 4. Concluding that Pettus' guilty plea waived any non-jurisdictional and procedural defects and any constitutional infirmities, we determined that the rule in Hilliard did not apply to Pettus' sentence for the Class B felony. See id.[5]

We continue to follow the rationale in Pettus. In appellant's case, the record reflects that the appellant knowingly and voluntarily entered a guilty plea to possession of over .5 grams of cocaine with intent to sell, a Class B felony. At the guilty plea hearing, the trial court asked appellant if he understood that he was about to plead guilty to a Class B felony as a Range II offender. The appellant responded affirmatively. The trial court questioned the appellant under Rule 11 of the Tennessee Rules of Criminal Procedure as follows:

> THE COURT: Do you understand if I accept your guilty plea you will have a Class B Felony on your record? We've already discussed that, but I want to be sure you understand in the future when you are released if you commit any other crimes and are convicted it's almost certain that a record of this conviction would be used against you in the future; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Mr. Allen, is your guilty plea a voluntary plea?
>
> THE DEFENDANT: Yes, sir.

---

[5]We note that our supreme court recently reiterated that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." See State v. Hicks, 945 S.W.2d 706, 709 (Tenn. 1997).

THE COURT: Is it based on the fact that on or about September 3, 1994, you did possess with intent to sell cocaine in Robertson County, Tennessee, in some amount over 0.5 grams?

Appellant asked to confer with his counsel, after which he was again asked:

THE COURT: Are you in fact guilty of what you are pleading guilty to?

THE DEFENDANT: Yes, sir.

The trial court accepted the appellant's plea and found him guilty of possessing over .5 grams of cocaine with intent to sell, a Class B felony.[6]

Under those circumstances, we find that the appellant understood the nature and ramifications of his guilty plea. The petition for waiver of jury trial and request for acceptance of guilty plea, signed by the appellant, listed the offense as "Possession Sch II Resale" and indicated that the sentence would be at Range II, between twelve (12) and twenty (20) years. On that form, the trial court made a notation that the charge was possession of eight 8 grams of cocaine. Moreover, on two separate occasions during the plea hearing, the trial court specified the range of punishment for the Class B felony.

Furthermore, prior to the guilty plea hearing, the State provided appellant with a packet of discovery materials. Those documents included a forensic report from the Tennessee Bureau of Investigation crime lab reflecting that the confiscated substance was a cocaine base in the amount of 8.0 grams.

In light of that evidence, there is no question that the appellant was fully aware he was pleading guilty to a Class B felony. As we stated in Pettus, "the petitioner, with full knowledge of his rights, voluntarily took the benefits of the plea bargain. In accepting those benefits, . . . he waived any irregularity or defect in the proceedings . . ." See slip op. at 4 (quoting Wallen v. State, 863 S.W.2d 34, 38 (Tenn. 1993)). See also State v. Griffin, 914 S.W.2d 564, 567 (Tenn. Crim. App. 1995).

---

[6]The district attorney later brought to the court's attention that the charge was possession for resale.

We conclude that the appellant entered a knowing and voluntary guilty plea to a Class B felony. The sentence he received was within the authorized term of confinement for a Class B felony and was within the statutory range for a Range II offender. <u>See</u> Tenn. Code Ann. §40-35-111(b)(2) (1990); Tenn. Code Ann. §40-35-112(b)(2) (1990). Accordingly, we affirm the order of the trial court denying appellant's motion for reduction of sentence.

_____
William M. Barker, Judge


CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Joe G. Riley, Judge

6